|       |     |
|-------|-----|
| 95    | 481 |
| 154   | 61  |

# Galbraith et al. *versus* Walker.

1. In an action by a sheriff to recover the costs due to him for services, interest will not be allowed on the amount thereof.

2. Baum v. Reed, 24 P. F. Smith 322, and Rogers v. Burns, 3 Casey 528, followed.

October 18th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Erie county :* Of October and November Term 1880, No. 79.

Assumpsit by Thomas M. Walker against William A. Galbraith and Charles Brandes.

This was a case stated, and was filed by agreement of the parties as if a judgment had been obtained before an alderman and an appeal taken therefrom.

The following facts were agreed upon for the opinion of the court : The claim of the plaintiff is as follows : In No. 169, May Term

14 NORRIS—31

[Galbraith *v.* Walker.]

1873, of said court, the defendants had issued a summons in partition. The plaintiff was at that time sheriff of said county, and served the writ and alias summons No. 7, September Term 1873.

| | |
|---|---|
| His fees for service, travel, mileage and advertising were | $24.21 |
| Interest from September 1st 1873 to February 1st 1879 | |
| 5 years and 6 months . . . . . . | 7.97 |
| | $32.18 |

The defendants deny their liability for interest.

If the court be of opinion that the fees of the sheriff bear interest, they shall enter judgment for the plaintiff for $32.18 with costs. If they be of the opinion that the plaintiff is not entitled to interest on his fees, they shall enter judgment for the plaintiff for $24.21 without costs, and that the plaintiff shall pay the court and other costs of the case.

The case was submitted to McDermitt, P. J., of the Thirty-fifth Judicial District, who entered judgment for the plaintiff, which action was assigned for error by defendants who took this writ.

*L. S. Norton*, for plaintiffs in error.—Interest on costs has never been allowed in Pennsylvania : Rogers *v.* Burns's Adm'r, 3 Casey 525 ; Baum *v.* Reed, 24 P. F. Smith 320.

*John P. Vincent* and *J. W. Wetmore*, for defendant in error.— If an officer becomes an actor and brings assumpsit to recover payment for his services, there is no reason why he should not recover interest, and no decision of this court against it. If his fees have been collected in the suit in which they were earned he takes them, and no question about interest arises. But if not paid there, and he is delayed and compelled to collect from his employer, as the amount was due as soon as the service was rendered, he is entitled to interest.

Mr. Justice GREEN delivered the opinion of the court, November 8th 1880.

In the case of Rogers *v.* Burns, 3 Casey, on p. 528, we said : " But the court below allowed interest on the judgment for costs. By the common law of England this is not allowed : 14 Viner's Abr. 457 ; Sweatland *v.* Squire, Id. 458 ; Butler *v.* Burk, 2 Salk. 623 ; 3 Jacob's Law Dic., tit. *Interest*. In Pennsylvania the same rule prevails, and the statute allowing interest on judgments is held to apply to the debt alone and not to the costs : 2 Dall. 105, note ; McCausland's Adm'rs *v.* Bell, 9 S. & R. 390."

In Baum *v.* Reed, 24 P. F. Smith, on p. 322, we said : " It is certainly the settled general rule in this state that costs do not bear interest. The best evidence of this is the universal practice of

[Galbraith *v.* Walker.]

endorsing executions. On the fi. fa. or other writ, the debt is stated, followed by the date from which interest is to be computed, and then come the costs without rate of interest. Such is the mode of endorsement, no matter how many years have elapsed from the entry of judgment. Even after a revival of the judgment, the same practice is pursued, the first costs being marked as on the original, and the second as on the scire facias."

We see no reason for changing the rule thus laid down. We understand it to be the uniform practice in all parts of the state not to allow interest on costs to the officers to whom they are due. There is no statute, course of decision or practice authorizing or justifying such allowance, nor is interest a natural or necessary incident to costs in any view of the subject. Of course we except from these remarks the case of an actual payment of costs by a party. There interest may be allowed as on money paid and expended. But that is not this case. This is an ordinary case of a claim by a sheriff for costs due him for services in a cause. The court below allowed interest on the costs, and in this there was error.

Judgment reversed, and judgment is entered here on the case stated in favor of the plaintiff for $24.21.