No. 2351.  SHUFORD *v.* SHINGLER.  November Term, 1888.  Plaintiff sued for recovery of a tract of land—defendants, S. and wife, answered that one C. had purchased the land at request of S., and agreed to convey to S. when repaid his advances, Mrs. S. having given her note to the vendor for a part of the purchase money; and that plaintiff knew all these things when he purchased from C.  The master, to whom was referred all the issues by consent, found as facts that C. had agreed to reconvey to S. if repaid what he had advanced with interest at an early day, and that part of the purchase money was secured by Mrs. S. as alleged.  But that after frequent negotiations between C. and S., and after S. had declared his inability to pay anything, C. had conveyed to the plaintiff at S.'s request.  Just before this conveyance, Mrs. S. wrote to plaintiff claiming an interest in this land.  The Circuit Judge (Pressley) approved these findings, and gave judgment for the plaintiff for the land and $160 damages and for costs.  On appeal *held*:

1. That the findings of fact by the master and Circuit Judge on the equitable issues raised by the answer must stand, they not

being without testimony to support them, nor opposed to the evident weight of the evidence.

2. That the agreement between C. and S. was a conditional sale, and could not be enforced because of the statute of frauds.

3. But whether conditional sale or mortgage, S. was estopped from denying the title which he had requested the plaintiff to purchase.

4. The action being at law, plaintiff's recovery entitled him to costs under the terms of the statute.

5. But Mrs. S., being a married woman, residing with her husband, there should be no judgment for damages or costs against her.

OPINION by MR. CHIEF JUSTICE SIMPSON, February 13, 1889. *T. M. Raysor* and *T. B. Whaley*, for appellants. *Izlar & Glaze*, contra.