PEOPLE'S BANK OF GREENVILLE v. AETNA INS. CO.

(Circuit Court, D. South Carolina. November 7, 1896.)

INTEREST ON COSTS—LAW OF SOUTH CAROLINA.

The South Carolina law of 1815 (6 St. at Large, 4), allowing interest on judgments when the cause of action on which judgment is recovered carries interest, did not provide for interest on costs, and was not repealed by the act of 1866 (13 St. at Large, 463), which fixes the rate of interest on "all money decrees and judgments"; hence, under Rev. St. § 966, allowing interest on judgments of federal courts according to state laws, interest cannot be collected upon a judgment for costs, recovered in a federal court of that state. Kirk's Adm'r v. Richbourg's Ex'r, 2 Hill (S. C.) 351, distinguished.

Teenholm, Rhett & Miller and Julius H. Heyward, for judgment creditors.

Cothran, Wells, Ansel & Cothran, opposed.

SIMONTON, Circuit Judge. At the trial of this case, an action at law, the defendant obtained judgment against the plaintiff. This judgment, by the law of South Carolina, covered the costs of the case, and entitled the defendant to recover them from the plaintiff. Code S. C. § 323; Shuford v. Shingler, 30 S. C. 612, 8 S. E. 799. These costs are in the nature of damages. Kapp v. Loyns, 13 S. C. 288. And in them are always included the costs paid by the party to his own witnesses. For these costs the losing party is in no sense liable until and because he has lost his case. The defendant accordingly entered up his judgment against the plaintiff for the

costs, taxed by the clerk of this court in the sum of $1,461.15, on the 11th day of October, 1895. A writ of error was sued out by plaintiff, and the cause was heard in the circuit court of appeals (20 C. C. A. 630, 74 Fed. 507), which affirmed the judgment below. The plaintiff, on 13th day of June, 1896, paid to the clerk the amount thus taxed, and asks that the judgment be satisfied. This defendant declines to do, unless the sum of $38.22 more be paid to him. This sum is the interest on the aggregate of the amount paid by defendant to its witnesses, calculated from the day judgment was entered to the day when the money was paid on the judgment. This amount for interest has been deposited with the clerk pending the decision upon this point made by defendant, which the plaintiff contravenes. The question is, can interest be calculated on a judgment for costs only?

The law of this court is found in section 966, Rev. St. U. S.:

"Sec. 966. Interest shall be allowed on all judgments in civil causes, recovered in a circuit or district court, and may be levied by the marshal under process of execution issued thereon, in all cases where, by the law of the state in which such court is held, interest may be levied under process of execution on judgments recovered in the courts of such state; and it shall be calculated from the date of the judgment, at such rate as is allowed by law on judgments recovered in the courts of such state."

This section has been commented on and thus construed:

"When, by the law of a state, the judgment of a court carries a certain rate of interest until paid, the same rate of interest is to be allowed in the circuit and district courts of the United States." Perkins v. Fourniquet, 14 How. 313; National Bank v. Mechanics' Nat. Bank, 94 U. S. 439.

At common law, judgments do not carry costs. This is a creation of statute. Trenholm v. Bumpfield, 3 Rich. Law, 376; Church v. Washington, Id. 380. Under the law of South Carolina, interest was allowed on judgments in all cases in which the cause of action upon which the judgment was recovered carried interest. 6 St. at Large (A. D. 1815) p. 4; Thomas v. Wilson, 3 McCord, 166. Under this statute, costs, not being a part of the cause of action, did not carry interest, and, in the entry of judgment and issuance of execution, interest was collected on the verdict only, and not on costs. This continued to be the law until 1866. In that year (13 St. at Large, 463) this language was used: "In all money decrees and judgments of courts enrolled or entered, * * * the legal interest shall be at the rate of seven per centum per annum." Has this changed the law so as to make interest chargeable on all judgments, irrespective of the nature of the cause of action? If this is a repeal of the law theretofore existing, it must be repealed by necessary implication. U. S. v. Gear, 3 How. 120; Chew Heong v. U. S., 112 U. S. 536, 5 Sup. Ct. 255. It does not profess to repeal that or any other law. The provision quoted occurs in an act to repeal the usury law of the state. The section of which it is a part declares what interest shall be charged in the absence of contract. It can readily mean that, on all judgments and decrees which by law bear interest, the rate shall be seven per cent. With this construction, the provision of both acts can exist without conflict, and the latter

act, therefore, does not repeal the former by necessary implication. Railroad Co. v. Harmon's Adm'r, 147 U. S. 571, 13 Sup. Ct. 557.

There is one case in the South Carolina Reports which bears on this question,—Kirk's Adm'rs v. Richbourg's Ex'r, 2 Hill (S. C.) 351. This is the whole report of the case:

"Under the acts of 1815 (pages 34 and 45), providing for the collection of interest on judgments in all cases where the original cause of action bears interest, interest shall be collected on that; but, if an appeal shall be taken and dismissed or withdrawn, interest shall be allowed, not merely on the original cause of action, but on the entire judgment, made up of principal, interest, and costs; or, if the original cause of action shall not bear interest, still interest shall be allowed on the entire judgment."

It will be noted that the reason for the charge of interest on the judgment in this case is an appeal dismissed or abandoned, and that it operates as a penalty pro falso clamore. This being so, it cannot apply to any cases in this court. Section 1010, Rev. St. U. S., and Sup. Ct. Rule 23, subd. 2 (3 Sup. Ct. xiii.), provide that, in cases before the appellate court deserving this judicial condemnation, the court can affix a percentage of damages. This takes the place of any state legislation or practice. As the case at bar has been to the appellate court, and comes back without any such action, this court cannot impose any penalty, or adopt the course pursued by the state court. The defendant is not entitled to interest on his judgment for costs.