### Wytheville.

MARION SCOTT V. WILLIETTA DOUGHTY.

June 16, 1921.

1. COSTS—*Successive Trials—Costs on Appeal—Sections 3525, 3528, Code .of 1919.—*Section 3525 of the Code of 1919 provides as follows: "Except where it is otherwise provided, the party for whom final judgment is given in an action, or motion, whether he be plaintiff or defendant, shall recover his costs against the opposite party; * * *." This embraces only costs in the trial court, because as to costs in the appellate court, it is "otherwise provided" in section 3528 that: "In every case in an appellate court, cost shall .be recovered in such court by the party substantially prevailing."

2. COSTS—*Common Law Statues.*—The allowance of costs depends entirely upon statute, no costs being allowed in any case at common law.

3. COSTS—*Interest.*—There is no statute in Virginia allowing interest on costs.

4. COSTS—*Successive Trials and Appeals—Case at Bar.*—Where a plaintiff obtained three verdicts and judgments in the trial court, the first two of which were set aside by the Supreme Court of Appeals but the last affirmed, he is entitled to his costs on the trials in the lower court and the last appeal, but defendant is entitled to the costs on the first two appeals.

Error to a judgment of the Circuit Court of Northampton county in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error. Reversed and final judgment for plaintiff.

*Reversed.*

This is an action in the form of a motion for judgment by the plaintiff in error, who will be hereinafter referred to as Scott, against the defendant in error, to recover cer-

tain costs for which judgment was entered against Doughty in the Supreme Court of Appeals in an action of ejectment on the two appeals reported as *Whealton* v. *Doughty,* 112 Va. 649, 72 S. E. 112, and 116 Va. 566, 82 S. E. 94. These costs aggregate the sum of $406.70. At the time the action in the case in judgment was instituted, Scott was the sole beneficiary of such judgments for costs.

In the action of ejectment Willietta Doughty was plaintiff in the trial court and in that court obtained three verdicts and judgments in her favor, the first two of which were set aside by the Supreme Court of Appeals upon the two appeals aforesaid, but the last and final verdict and judgment given in the trial court in favor of Willietta Doughty was affirmed by the Supreme Court of Appeals on a third appeal of the case, reported as *Scott* v. *Doughty,* 124 Va. 358, 97 S. E. 802. The costs of Willietta Doughty in the trial court, taxable in her favor in all of the trials there, so far as shown by the record, aggregate the sum of $126.94, and she recovered as her costs in the appellate court on the third appeal aforesaid by the order of such court entered on the 16th day of January, 1919, the sum of $22.59. Such costs of Willietta Doughty, aggregating $149.53, were unpaid at the time of the institution of the action in the case in judgment and were then due and owing to her by the said Scott.

By the action in the case in judgment, Scott sought also to recover of Willietta Doughty interest on the said $406.70 costs.

Willietta Doughty, by special plea filed in the case in judgment, took the position that by reason of the final judgment having been given in her favor she was entitled, under section 3525 of the Code, to recover of Scott all of her aforesaid costs in the trial court, amounting to the sum of $126.94, as aforesaid, also her costs in the appellate court on the last appeal, amounting to $22.59; for which she asked

judgment against Scott; and Willetta Doughty, by such special plea, also took the position that, by reason of such final judgment given in her favor, she was relieved, under the provisions of said section 3525 of the Code, from the payment of the $406.70 costs for which the judgments of the appellate court had been rendered against her on the first two appeals.

By agreement of the parties, a jury being waived, and all questions being submitted to the court below for decision, such court found the facts to be as above stated, and entered the judgment under review; the order of the court being, so far as material to be set forth here, as follows: '

"* * * the court being of opinion that the two judgments * *" (for the $406.70 costs aforesaid), "were in effect annulled and set aside by said judgment of affirmance rendered by said court" (referring to the affirmance on the last appeal aforesaid), "and that accordingly the said Marion Scott, the assignee of said judgments, is not entitled to recover anything by reason thereof against the said Willietta Doughty; and being further of the opinion that the said Willietta Doughty is entitled to recover against the said Marion Scott all the costs set up by her in said plea;

"It is considered by the court that said plaintiff, Marion Scott, take nothing by his bill, and that the defendant, Willietta Doughty, recover of the said Marion Scott the sum of $149.53 with interest thereon from the 16th day of January, 1919, and her costs in this proceeding."

*Jas. E. Heath,* for the plaintiff in error.

*Jno. E. Nottingham* and *Benj. T. Gunter,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The case turns upon the decision of the following quest-tion:

[1] 1. Does section 3525 of the Code embrace only costs in the trial courts or does it also embrace costs in the appellate court?

We are of opinion that this statute embraces only costs in the trial court and that it has no reference to costs in the appellate court.

Section 3525 of the Code, so far as material, provides as follows:

"*Except where otherwise provided,* the party for whom final judgment is given in an action or motion, whether he be plaintiff or defendant, shall recover his costs against the opposite party; * * *" (Italics supplied.)

With respect to costs in the appellate court, it is "otherwise provided" in section 3528 of the Code. That section is as follows:

"In every case in an appellate court costs shall be recovered in such court by the party substantially prevailing."

Costs in the appellate court are controlled by this section.

Upon the question under consideration this is said in the brief for the defendant in error:

"So far as we are advised, there is no decision of this court which throws any light upon the subject, unless *Allen's Ex'r* v. *Shrieve's Adm'r,* 81 Va. 174, does * * * *" We find nothing in the opinion of the court in that case, or in its holding, contrary to the conclusion we have reached and above expressed.

[2-4] It follows from what we have said above that the plaintiff in error, Scott, is entitled to the appellate court costs which he heretofore recovered in that court, being the total of $406.70, but without interest, as costs do not bear interest. The allowance of costs depends entirely upon statute, no costs being allowed in any case at common law.

4 Minor's Inst. (2nd ed.), p. 874. There is no statute in Virginia allowing interest on costs. By virtue of section 3525 of the Code, however, the defendant in error, Willietta Doughty, as the final judgment in the action of ejectment was given in her favor, is entitled to the sum of $126.94, her costs incurred in that action in the trial court and by virtue of section 3528 of the Code, she is entitled also to the said sum of $22.59, her costs recovered in that action in the appellate court, both together aggregating the sum of $149.53 aforesaid; and the latter sum, without interest, she is entitled, under her special plea, to set off against the said $406.70, leaving a balance of $257.17 for which the said Scott is entitled to judgment against the said Willietta Doughty.

The case will, therefore, be reversed, and, under section 6365 of the Code, this court will enter judgment in favor of Marion Scott against Willietta Doughty for the sum of $257.17, without interest, and for his (the said Scott's) costs in the case in judgment, both in this court and in the court below.

*Reversed and final judgment for plaintiff*