118

## DAVIS v. FIDELITY & DEPOSIT CO. OF MARYLAND.
### No. 6072.

United States Court of Appeals for the District of Columbia.

Argued March 7, 1934.

Decided July 16, 1934.

Rehearing Denied Oct. 12, 1934.

W. Gwynn Gardiner, of Washington, D. C., for appellant.

Geo. E. Hamilton, John J. Hamilton, Geo. E. Hamilton, Jr., and Henry Gower, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order and decree of the lower court refusing to allow interest to the appellants upon certain fees granted to them for services rendered by them as auditor and accountant in the case.

It appears that in March, 1923, a suit was brought by the United States in the Supreme Court of the District of Columbia against John L. Philips and others charging them with frauds against the United States in respect to certain contracts relating to the sale of lumber. One of the defendants in the case was the Fidelity & Deposit Company of Maryland, which was sued as surety upon the contract bond of Philips and his codefend-ants in the sum of $500,000. The case was heard by the court and certain findings were made against the defendants, whereupon the record was referred to the appellant, Herbert L. Davis, to state an account in accordance with the findings and decrees made by the court. Before a report was filed by the auditor, Mr. Davis resigned from the position of official auditor of the court, but he was subsequently appointed as special auditor in the same matter and completed his services in the case and filed his report.

In July, 1929, a final decree against the defendants was entered in the case by the lower court containing among others the following provisions:'

"2. That the fees and expenses incident to the reference in this cause, as shown in Schedule H of the report of the Special Auditor aggregating seven thousand eight hundred and ninety-five ($7,895.00) dollars be approved and allowed, and of which amount the sum of two hundred and fifty ($250.00) dollars shall be paid to the office of the Auditor of this Court; eight hundred and twenty-five ($825.00) dollars shall be paid to T. Delos Paxman on account of his services as accountant in assisting the Special Auditor; and six thousand eight hundred and twenty ($6,-820.00) dollars shall be paid to Herbert L. Davis as a fee as Special Auditor in this cause; which allowances shall be in full compensation for services rendered in this cause."

"4. It is further ordered, adjudged, and decreed that defendants, John L. Philips and the Fidelity and Deposit Company of Maryland are jointly and severally liable for the fees and expenses of the reference in this case, as set out in paragraph 2 herein, and that the said John L. Philips and the Fidelity and Deposit Company of Maryland pay said fees and expenses, as follows: to the office of the Auditor of this court, $250.00; T. Delos Paxman, $825.00; and to Herbert L. Davis, Special Auditor, $6,820.00; and that the following named defendants are jointly and severally liable with the said John L. Philips and the Fidelity and Deposit Company of Maryland for said fees and expenses of reference, in the following proportions thereof, and shall pay the following proportions thereof: Merchants and Manufacturers National Bank of Newark, New Jersey, and Nellie Senft Chambers, as executors of George M. Chambers, deceased, two per centum; Lottie Eitzen, as executrix of Gus Eitzen, deceased, Mitchell A. Touart, Jr., and Charles Philips, Jr., twelve per centum thereof; Roland Perry and Lee L. Herrell, five per centum there-

of; Frank T. Sullivan, sixty-nine per centum thereof."

"6. It is further ordered, adjudged, and decreed that the defendants as herein stated, and each of them, shall pay the amounts with interest as herein decreed, and the fees and costs, as herein decreed, within twenty days, exclusive of Sundays and holidays, from the date of the signing of this decree, and that in default thereof, execution shall issue as to such defendants or all of them as may be in default."

An appeal was taken from this decree to this court and a supersedeas bond was duly filed and approved. The decree of the lower court, in so far as it relates to the present issue, was approved by us, and a mandate was issued accordingly.

After the mandate was received by the trial court, the surety company paid to the attorney for the appellant Davis the sum of $6,820, and to the attorney for the appellant Paxman the sum of $825, being the sums awarded to them by the court's decree, but the company refused to pay interest upon these amounts for the period extending from the date when the fees were allowed by the court, and the date when they were paid by the company. This period included about three years and eight months.

Thereupon, the appellants filed a petition in the original case in the lower court, and prayed for an order and decree requiring the defendant, Fidelity & Deposit Company of Maryland, to pay interest to the petitioners at the rate of 6 per cent. per annum on the awards made to them by the court as aforesaid, to be computed from the date of the final decree of the court on July 25, 1929, to the date of payment.

The lower court, after a hearing duly had, denied the prayer of the petition, upon the ground that the decree granting the allowances did not contemplate that the amounts should bear interest; and also that there was no statute or rule of court providing for the payment of interest in such case. The present appeal was then taken.

We agree with the opinion of the lower court.

The language employed by the trial justice in the allowance of appellants' fees makes no provision for the payment of interest upon the amounts allowed if payment be delayed. In section 2, supra, of the decree the principal sums allowed are named and it is provided that these allowances "shall be in full compensation for services rendered in this cause." Throughout the decree where findings in divers amounts are rendered against the various defendants, it is specifically provided in each instance that the amount thereof shall bear interest until paid. But in sections 2, 4, and 6 of the decree, a clear distinction is made by the court between the sums which should bear interest, and the fees and costs which should not. We therefore conclude that the language of the decree which determined the allowances precludes such an interpretation or construction as would sustain the claim of the appellants for interest.

It is claimed by appellants that sections 1184 and 1185 of the District of Columbia Code (D. C. Code 1929, T. 17, §§ 7, 8) provide for the allowance of interest in such a case as this. We think this is an erroneous interpretation of the statutes. These sections provide for the recovery of interest where judgment is entered upon a liquidated debt on which interest is payable by contract, or by law, or by usage; or in an action to recover damages for breach of a contract. The present case does not come within any of these definitions.

It appears that Rule 63 of the Supreme Court of the District of Columbia contains the only provision established by that court concerning the collection of such fees and expenses as those now in controversy. The sixth paragraph of Rule 63 reads in part as follows:

"Whenever any party shall refuse or neglect to pay fees of the Auditor, including the expenses of reporting the testimony, after approval of the fees by the court and an order by the court for their payment, a rule shall issue requiring such party to show cause on a day certain why he should not be adjudged to be in contempt. Upon failure of such party to satisfactorily answer such rule, a writ of attachment shall issue, directing the Marshal to bring such party before the court to be dealt with according to law."

In the present case no such rule was ever applied for or issued by the lower court, but as soon as the mandate of this court was returned to the lower court, the appellee paid the entire principal amount of the fees allowed to appellants.

It may be noted that fees such as those in question are not commonly dealt with as court costs, nevertheless there is a similarity between the two kinds of charges. Musser v. Good, 11 Serg. & R. (Pa.) 247, 248. In some

instances the statutes provide that they may be taxed as part of the costs of the cause. Title 24, § 105, D. C. Code of 1929. No such provision appears in relation to the auditor's fees. It is the prevailing view of the authorities that costs do not bear interest unless so provided by statute. It is said in Scott v. Doughty, 130 Va. 523, 525, 107 S. E. 729, 730, that: "It follows from what we have said above that the plaintiff in error, Scott, is entitled to the appellate court costs which he heretofore recovered in that court, being the total of $406.70, but without interest, as costs do not bear interest. The allowance of costs depends entirely upon statute; no costs being allowed in any case at common law. 4 Minor's Inst. (2d Ed.) p. 874. There is no statute in Virginia allowing interest on costs. * * *' The case will therefore be reversed, and, under section 6365 of the Code, this court will enter judgment in favor of Marion Scott against Willietta Doughty for the sum of $257.17, without interest, and for his (the said Scott's) costs in the case in judgment, both in this court and in the court below."

In Galbraith v. Walker, 95 Pa. 481, it was held that in an action by a sheriff to recover the costs due to him for services, interest will not be allowed on the amount thereof. It is said by the court: "But the court below allowed interest on the judgment for costs. By the common law of England this is not allowed. * * * In Pennsylvania the same rule prevails, and the statute allowing interest on judgments is held to apply to the debt alone and not to the costs."

In People's Bank of Greenville v. Aetna Ins. Co. (C. C.) 76 F. 548, 549, it is said: "At common law, judgments do not carry costs. This is a creation of statute. * * * Under the law of South Carolina, interest was allowed on judgments in all cases in which the cause of action upon which the judgment was recovered carried interest. * * * Under this statute, costs, not being a part of the cause of action, did not carry interest, and, in the entry of judgment and issuance of execution, interest was collected on the verdict only, and not on costs." Washington & Georgetown R'd v. Harmon, 147 U. S. 571, 13 S. Ct. 557, 37 L. Ed. 284; The New York (C. C. A.) 108 F. 102; United States v. Jacob Schmidt Brewing Co. (D. C.) 254 F. 714.

It may be said in general that the decisions of the federal courts in relation to interests upon judgments in civil causes recovered in circuit or district courts are not directly applicable to the case in hand inasmuch as the procedure in such cases is regulated by the law of the state in which such court is held. USCA Tit. 28, § 811. But in so far as this district is concerned, we know of no statute or practice which would authorize the allowance of interest upon the fees of appellants in the present case.

We therefore affirm the order and decree of the lower court with costs.