# Richmond

CITY OF RICHMOND V. COUNTY OF HENRICO, ET ALS.

ON A REHEARING.

January 13, 1947.

Record No. 3014.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

On a rehearing.

*Horace H. Edwards, J. E. Drinard* and *Olin A. Rogers,* for the appellant.

*Denny, Valentine & Davenport, McGuire, Eggleston, Bocock & Woods* and *William H. King,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

The rehearing, granted to the judgment entered on April 22, 1946, pursuant to the principles announced in the opinion published in 185 Va. 176, 37 S. E. (2d) 873, was limited to the question of the costs incurred in this court and in the lower court.

The allowance of costs depends entirely upon statute, as no costs were allowed at common law. 4 Minor's Institutes, 2 Ed., p. 874. Chapter 185 of the Code of 1849, pages 704-5-6, contains sixteen sections covering the allowance of costs both in the trial and in the appellate courts. Section 8 of this chapter is the pertinent section controlling the allowance of costs in the trial court and is as follows: "Except where it is otherwise provided, the party for whom final judgment is given in any action, or in a motion for judgment for money, whether he be plaintiff or defendant, shall recover his costs against the opposite party; * * * ." This provision is still the law. It was carried in section 3545

of the Code of 1887, and is now a part of section 3525 of the Code of 1919.

This court has consistently held that the provisions of this section are applicable to the costs in the trial court and not to costs in this court.

Plaintiff, in *Scott* v. *Doughty*, 130 Va. 523, 107 S. E. 729, brought an action against Doughty to recover the sum of $406.70, the amount of costs expended by him in this court on two appeals in the same case (*Whealton* v. *Doughty*, 112 Va. 649, 72 S. E. 112, and 116 Va. 566, 82 S. E. 94). Doughty contended that she was not liable to Scott for any part of the costs expended by him on appeal because, on the third appeal of the same case, this court affirmed the judgment awarded her by the trial court (*Scott* v. *Doughty*, 124 Va. 358, 97 S. E. 802). It was held that Scott, under the provisions of Code, sec. 3528, was entitled to recover the amount of costs expended by him on the two successful appeals of the same case, and that, although two judgments in her favor in the same case had been reversed by this court, Doughty was entitled to recover from the plaintiff the total costs expended by her in the three trials of the same case under the provisions of Code, sec. 3525. The amount of the final judgment awarded Scott was the difference between the costs of the three trials and $406.70, the amount of his costs expended on the two appeals. In other words, the party who ultimately prevails in the trial court is entitled to recover the total costs incurred in that court.

The mandatory language of the statute and the former positive decisions of this court establish one incontrovertible fact—that the award of costs in the lower court and the award of costs in this court are two separate and distinct matters and are controlled by different statutes*

The statute controlling the allowance of costs in this court, as it appeared in the Code of 1819, read: "A clear and

---

*For the construction of Code, secs. 3521 and 3522, regarding costs on the award of a new trial by the trial court, see *Southern R. Co.* v. *Hansbrough*, 107 Va. 733, 60 S. E. 58; *Lemons* v. *Harris*, 115 Va. 809, 80 S. E. 740.

concise state of the case of each party, in an appeal, writ of error or supersedeas, with the points intended to be insisted on, signed by his counsel, and printed, (the expense whereof shall be taxed in the bill of costs,) shall be delivered to every judge, time enough before the hearing, for his consideration; but the court, if this be neglected, may nevertheless hear and determine the matter, and may give such decree, or judgment, if it be not affirmed, or reversed in the whole, as the court, whose error is sought to be corrected, ought to have given; (affirming in those cases, where the voices on both sides shall have been equal;) with an allowance of the costs of appeal to the party prevailing, to be certified to the court from which the matter was removed; who shall enter it as their own, and award execution thereupon accordingly." Revised Code of 1819, vol. 1, p. 194.

The provisions of this act regarding costs were condensed and codified in the Code of 1849, ch. 185, secs. 10 and 11, to read as follows: "10. The laws of costs shall not be interpreted as penal laws; nor shall any thing in this chapter take away or abridge the discretion of a court of equity over the subject of costs, except as follows:

"11. In every case in an appellate court, costs shall be recovered in such court by the party substantially prevailing."

These sections, as thus codified, have remained unchanged. See Code of 1887, secs. 3547 and 3548; Code of 1919, secs. 3527 and 3528. They apply to suits in chancery as well as to actions at law.

In *Ficklen* v. *Danville*, 146 Va. 426, 435, 131 S. E. 689, 132 S. E. 705, which was a suit in equity, Judge Crump, speaking for the Special Court of Appeals, said: "The allowance of costs depends entirely upon statute, no costs being allowed in any case at common law. Section 3528 of the Code of Virginia provides in mandatory terms that, in every case in an appellate court, costs shall be recovered by the party substantially prevailing. No other provision being made for the recovery of costs, they can only be allowed in favor of either party in this court, in cases in which

there is an adjudication, and then to the party 'substantially prevailing.' *Scott v. Doughty,* 130 Va. 523, 107 S. E. 729."

This statutory distinction governing costs in the trial court and in the appellate court is emphasized in the statute providing the procedure for cities and towns to enlarge their corporate limits. The pertinent language is found in Code 1942 (Michie), sec. 2957, which provides: "Whenever a city or town asks for the annexation of any such territory, said fees and all other court costs shall be paid by said city or town except such as may be incurred on appeal, when the court shall determine by whom said appellate costs may be paid." This mandate is repeated in section 2961, which allows an appeal from the final judgment of the annexation court and provides that "the costs in the Supreme Court of Appeals shall be awarded to the party substantially prevailing." When we awarded the costs in the case of *Henrico County v. Richmond,* 177 Va. 754, 15 S. E. (2d) 309, we were simply following the mandate of the statute. But because we held that the city of Richmond substantially prevailed and therefore was entitled to recover its costs expended in this court, such holding did not relieve the city of its obligation to pay all costs incurred in the lower court.

These were the well settled rules governing the allowance of costs when the General Assembly, in 1940, adopted chapter 390, amending and enlarging the statute pertaining to the annexation of territory by cities with a population in excess of 150,000. This act is carried in Code 1942 (Michie) as section 5222k, and provides, among other things, that when the works of public improvement or utility have been installed in any subdivision of the county according to plans and specifications approved by certain city officials, and subsequently such subdivision is annexed to the city, all such improvements and utilities shall become the property of the city free and clear of all liens and encumbrances. It is also provided that such city shall pay the owners the "fair value" of such improvements and utilities "as of the effective date of such annexation."

The city and the owners of such improvements and util-

ities are given six months in which to reach an agreement upon the fair cash value. In the event that no such agreement is made within that time, the owners are given the right to file a petition in the pending annexation cause to recover from the city the fair cash value of such improvements and utilities. Upon the filing of such petition, the three-judge annexation court is authorized, as in condemnation proceedings, to appoint appraisers who shall determine and report to the court the fair cash value of the properties involved. The court may increase, decrease or affirm the award of the appraisers. The pertinent provision of this act governing the allowance of costs is as follows: "Said appraisers shall receive such compensation as the court of their appointment shall fix, which, together with all other costs incident to such proceedings, shall be borne as such court in its discretion may determine."

No agreement was reached within the six months. Windsor Farms, Inc., and the Grove Improvement Corporation, acting under the authority of the statute, filed their petition in the case of *Richmond* v. *County of Henrico*. Among other things, the Grove Improvement Corporation, in paragraph four of its petition, alleged that it "caused to be constructed approximately 8,825 feet of water lines and a like amount of gas lines, the approximate fair value of which was as of December 31, 1941 (the date of the final order in the annexation proceedings), about $36,000.00, and 9,368 feet of sewer lines, the approximate fair value of which was as of December 31, 1941, about $17,000.00, and all of which said works are public improvements or utilities and are of that nature which the City of Richmond had theretofore owned or operated within its limits, and nearly all of which are located in or under streets or alleys made a part of said City by the said annexation decree of this Court which became effective at midnight on December 31, 1941, and that on that date all of said public improvements or utilities became the property of said City free of all liens and encumbrances, and that it owes your petitioner therefor with interest from said last named date."

To this petition the city of Richmond filed an answer and, among other things, said: "The City of Richmond is not advised as to the truth or falsity of the allegations contained in paragraph 4 of said petition, and calls for strict proof of the same, except that the City of Richmond expressly denies that the approximate fair value of water lines and gas lines described therein was as of December 31, 1941, about $36,000.00, and expressly denies that the approximate fair value of the sewer lines therein decreed was as of the same date about $17,000.00, and expressly denies that it owes petitioner any interest, and except that the City of Richmond admits that the public improvements or utilities therein described became the property of the said city free of all liens and encumbrances as of midnight December 31, 1941."

Similar issues were joined in the pleadings filed by Windsor Farms, Inc., and the City of Richmond.

These were actions for money judgments against the city of Richmond on a specific liability created by law. The city did not specifically deny its liability nor did it admit that it was due either of the parties any sum certain. It did not pay, or offer to pay, any sum into court. The general rule is that, when a defendant admits liability for an amount less than that alleged against him, he may tender or pay into court the full amount that he admits to· be due plaintiff, plus the costs incurred to that date. If, upon final adjudication, plaintiff recovers no greater sum than defendant has paid into court, he is awarded no costs, but if he recovers a sum larger than that admitted to be due, all costs are awarded to him.

The annexation court appointed three outstanding experts on public improvements and utilities, who, after personal inspection and hearing voluminous testimony, filed a report fixing the fair cash value of the properties involved. For the purpose of reducing the amount of its liability, as determined by the appraisers, the city of Richmond filed the following exceptions to the appraisers' report:

"1. The findings of the appraisers are contrary to the law

as contained in the instructions of the court and are not based on or supported by the evidence introduced before them.

"2. The conclusion of the appraisers that the depreciated reproduction cost of the utilities as of December 31, 1941, under conditions then existing, was the sole criterion of fair value, is erroneous.

"3. It is the function of the court and not the appraisers to interpret the law applicable to the finding of fair value. The appraisers, therefore, erred in attempting to interpret Chapter 468 of the Acts of 1924, as amended by Chapter 390 of the Acts of 1940. The construction placed upon the aforesaid act was likewise erroneous.

"4. It is the function of the court and not the appraisers to interpret the law applicable to the finding of fair value. The appraisers, therefore, erred in attempting to interpret the ordinance of the Council of the City of Richmond approved February 12, 1925, and the contract made pursuant thereto by Windsor Farms, Incorporated, and the City of Richmond. The construction placed upon the aforesaid ordinance and contract was likewise erroneous.

"5. The appraisers erred in concluding that the fair value of the utilities in question was based solely on the physical properties going to make up those utilities.

"6. The appraisers erred in interpreting and applying the instructions of the court, especially Instruction No. 4, wherein they were told that they should consider all the facts and circumstances which reasonably throw light on the ascertainment and determination of fair value, in that they disregarded undisputed factors relating to fair value proven by uncontradicted evidence.

"7. The amounts ascertained by the said appraisers to be the fair value of the said utilities are grossly in excess of the actual and true fair value of the said utilities."

Each of the seven exceptions was overruled and several exceptions filed by the owners to the report were sustained.

The fact that the liability of the city is created by law and not by its specific promise to pay does not distinguish

this case from any other in which one side in good faith is seeking to recover as large a sum as possible and the other side in good faith is seeking to prevent any recovery or to minimize its liability. If the general statutory rule governing the allowance of costs is applied, the city clearly is liable for costs incurred in the trial court.

However, it is contended that the general rule does not apply because the statute creating the liability provides that all costs "shall be borne as such court (the annexation court) in its discretion may determine." This three-judge court, exercising the sound judicial discretion expressly imposed upon it, declared: "The landowners having substantially prevailed, the City of Richmond will pay the cost of this proceeding."

It will be noted that the discretion as to costs is to be exercised by the three-judge court and not by the Supreme Court of Appeals of Virginia. This discretion, when exercised, cannot be disturbed by this court unless such discretion has been abused or "palpable error" is apparent.

"When the awarding of costs is discretionary with the trial court and if no abuse of discretion is disclosed by the record, an appellate court will not disturb a judgment which awards costs" to either litigant. 14 Am. Jur., p. 19.

Judge Prentis, in *Gilmer* v. *Fleenor*, 151 Va. 117, 124, 144 S. E. 458, said: "It is contended that the court should not have required the defendants to pay the costs. It may be, in view of the facts of this case, that the costs should have been apportioned, or paid out of the partnership funds. * * * This court rarely revises the discretion of the trial courts as to costs, and we perceive no sufficient reason for making this case an exception."

Lord Mansfield said that discretion, "when applied to a court of justice, means *sound* discretion *guided by law*. It must be governed by rule; it must not be arbitrary, vague and fanciful, but legal and regular." *Harris* v. *Harris*, 31 Gratt. (72 Va.) 13.

The statute imposes no greater duty upon the landowners

to agree with the city than upon the city to agree with the landowners. The communications of the parties, in an attempt to reach an agreement, were not pertinent to the controversy, nor were they made a part of the record. It is just as logical to surmise that it was the fault of the city as it is to surmise that it was the fault of the landowners that the parties did not reach an agreement within the six-months' period. In either event, at whose door to lay the blame is nothing more than a surmise or a guess.

The amounts of the judgments were neither as large as the landowners sought to obtain, nor were they as small as the city tried to make them. The three-judge court considered the appraisers' report, the evidence submitted therewith, the arguments of counsel on the exceptions, and evidently reached the conclusion that both parties to the litigation had acted in good faith in presenting their claims and evidence to support them. On the record thus made, it determined that the landowners were the prevailing parties and, as such, entitled to recover the costs.

"The 'prevailing party', within the meaning of the general rule that such a party is entitled to costs, is the party in whose favor the decision or verdict in the case is or should be rendered and judgment entered, and in determining this question the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action." 20 C. J. S., Costs, section 8, p. 268.

"The true and only test of liability for costs depends upon the nature of the final judgment, and the party cast in the suit is the one upon whom the costs must fall." *Ritchie v. Ritchie*, 192 N. C. 538, 135 S. E. 458, 459.

The following is a summary of the city's defensive tactics: (1) The city failed, within the six months' period, to pay to the owners the fair cash value of the property involved; (2) the city, in its pleadings, did not admit, pay or offer to pay any part of its liability; (3) it introduced evidence tending to show and argued that the property had no fair cash value within the meaning of the statute; (4) the city was unwilling to pay the amounts determined by the appraisers

to be the fair cash value; and (5) it filed exceptions to the report and strenuously contended before the three-judge court that the sums fixed by the appraisers should be reduced. Each and every one of these defenses was rejected, but the city, in making these defenses, and the landowners, in meeting them, found it necessary to incur taxable costs of approximately $10,000. The final result was that two judgments were entered against the city, one in favor of Windsor Farms, Inc., for $275,521, with interest from July 1, 1942, and the other in favor of Grove Improvement Corporation for $35,217, with interest from July 1, 1942. Under these circumstances, it is clear that the landowners are the parties "substantially prevailing" in the trial court.

After the city's defenses had been rejected and the three-judge court had entered its judgments, the city decided to pay into court the amount of the award entered against it for Windsor Farms, Inc., and to seek a reversal of that part of this judgment that allowed interest on the principal sum. The city also sought a reduction of the principal amount and a disallowance of any interest awarded to Grove Improvement Corporation. On review, this court sustained the city's contentions. This brings us to the question of the allowance of $614.10, the costs incurred by the city in this court. As stated, the allowance of costs in the appellate court is fixed by statute, which declares that "in every case in an appellate court, costs shall be recovered in such court by the party substantially prevailing." Code, sec. 3528.

The language of Code, sec. 5222k, giving the right to the city or the landowners to appeal in this class of actions, does not affect or change the general rule governing costs incurred in this court. This court, on the appeal, modified the judgments of the trial court to the extent that the city was relieved of paying interest from July 1, 1942, on either judgment, a saving to the city of approximately $67,000 on the judgment awarded Windsor Farms, Inc., and approximately $8,452 on the judgment awarded Grove Improvement Corporation. In addition, the judgment of $35,217 awarded Grove Improvement Corporation

was reduced to $28,945, a reduction of $6,272. These facts bring the city within the purview of the statute as the "party substantially prevailing" in the appellate court.

Where a final judgment is rendered on appeal for the appellant, he is entitled to recover his costs both in the lower court and in the appellate court, because, under section 3525, there is no final judgment against him in the trial court and he is the "party substantially prevailing" in the appellate court within the meaning of section 3528.

No final judgment was entered on appeal. This court remanded the case and directed the trial court to enter a judgment against the city for Windsor Farms, Inc., in the sum of $279,521 without interest and to enter a judgment against the city for the Grove Improvement Corporation in the sum of $28,945 without interest. In any view of the case, these two private corporations were the successful litigants in the trial court and, in that sense, they were the prevailing parties, each of whom obtained judgment in a substantial sum against the city.

While the Virginia statute on the subject is controlling, it is interesting to note how the courts have construed pertinent statutes on costs. See 20 C. J. S., Costs, sections 310, *et seq.;* and 14 Am. Jur., Costs, sec. 95.

"In many jurisdictions it has been held that where appellant succeeds in reducing the amount of the judgment and the reduction is a substantial one, he will ordinarily be allowed the *costs of appeal, as the prevailing party,* * * *." (Italics supplied.)   20 C. J. S., Costs, section 323, pp. 569, 570. See notes 34, 35 and 36.

"The fact that an appellant has secured a modification of the judgment will not entitle him to recover the costs of the trial below, where he made no tender there of the amount for which recovery was finally adjudged; * * * ."   20 C. J. S., Costs, section 323, p. 571.   See note 34, p. 569.

The landowners are entitled to recover of the city the full amount of the costs, without interest, incurred in the trial court, and the city is entitled to recover the entire costs,

without interest, incurred in this court. To this extent only the former opinion and judgment are modified.

*Modified and remanded.*

EGGLESTON, J., concurring.

I concur in the view expressed in the majority opinion that the appellant, the city of Richmond, should recover its costs on appeal, and that the appellees, Windsor Farms, Incorporated, and Grove Improvement Corporation, should recover their costs in the lower court.

A brief restatement of the underlying facts and prior proceedings will, perhaps, clarify my views on the precise issue now before us.

Some years ago, Windsor Farms, Incorporated, and Grove Improvement Corporation developed certain lands just beyond the limits of the city of Richmond. These companies installed in the streets and alleys of its subdivisions certain gas, water and sewer facilities. Upon the annexation of this territory to the city, by the terms of the statute[1] these facilities became the property of the city which in turn became bound to reimburse the companies for the fair value thereof.

The parties being unable to agree, in further pursuance of the statute the development companies filed their petitions in the annexation proceedings, praying that the court fix and decree the payment of the amounts due them. In the court below Windsor Farms, Incorporated, was awarded a decree against the city for $279,521, with interest thereon from July 1, 1942, until paid. Grove Improvement Corporation was awarded a decree for $35,217, with interest thereon from June 30, 1942, until paid.

The lower court likewise decreed that the two development companies recover of the city the costs, saying in its written opinion that they had "substantially prevailed" in

---

[1] Michie's Code of 1942, section 5222k; Acts 1924, ch. 468, p. 713, as amended by Acts 1940, ch. 390, p. 686.

the litigation. In making this disposition of the costs, the court applied the same statute,[2] which the briefs on both sides agree controls the matter.

The city appealed from these decrees. It did not contest the amount of the principal awarded to Windsor Farms, Incorporated, but claimed that it should have borne interest not from July 1, 1942, as fixed by the lower court, but only from the date of the final decree.

Windsor Farms, Incorporated, on the other hand, assigned cross-error in which it contended that interest should have been allowed from December 31, 1941. The difference between these respective claims is, of course, quite substantial.

As to the decree in favor of Grove Improvement Corporation, the city contended that this amount had been fixed upon erroneous principles. It alleged that the "fair value" of the facilities taken over by the city should have been based upon their "reproduction costs," less depreciation, rather than as the trial court held, upon their "original costs," less depreciation. The difference here, the city said, amounts to approximately $2,000.

With respect to the same claim the city contended that depreciation should be calculated at the annual rate of 4% instead of 2%. It said that this amounts to a difference of approximately $4,000.

Here, too, the city claimed that interest should have run not from June 30, 1942, as fixed by the lower court, but from the date of the final decree, while that company contended that interest should have been allowed from December 31, 1941. Here, again, the difference in money between the respective contentions is substantial.

In the former opinion (185 Va. 176, 37 S. E. (2d) 873) we sustained all of these contentions of the city, with the result that the claims of the two development companies were substantially reduced.

---

[2] See Note 1, *supra*. The same result would have been reached had the lower court applied Code, section 3527, governing the allowance of costs in equity causes, or Code, section 3525, with reference to costs in actions at law. Under the first the allowance of costs is within the discretion of the court. Under the latter costs follow the judgment.

We likewise held that the city was entitled to recover its costs both in the appellate and lower courts.

The development companies sought and obtained a re-hearing with respect to the allowance of costs in both courts, and that is the issue now before us.

I am still of opinion that the city having successfully maintained before us its claims with respect to the several items, "substantially prevailed" in the appellate court, and is, therefore, entitled to recover its costs on appeal. Code, sec. 3528. I believe all of the members of the court are of the same view.

But it does not follow from this, as the former opinion indicates, that the city is likewise entitled to recover its costs in the lower court. What effect, then, does our modification of the lower court's decrees have on the costs allowed to the development companies in the court below?

An inspection of our order books shows that when we reverse a judgment or decree of a lower court and enter a final judgment in favor of the plaintiff in error or appellant, the mandate directs that the plaintiff in error or appellant recover both his costs in the appellate court and those in the lower court.

However, when we reverse a judgment or decree of a lower court and remand it for further proceedings, the mandate directs that the plaintiff in error or appellant recover of the opposite party only his costs on appeal. The effect of this is to leave the costs in the lower court to abide the entry of a final judgment or decree.

This is in accord with the general practice in other jurisdictions. See 14 Am. Jur., Costs, sec. 95, p. 62; 20 C. J. S., Costs, sec. 310, pp. 556, 557.

In the present case we did not enter a final decree in favor of the appellant, the city. We remanded the cause to the lower court, with directions that it apply certain principles in arriving at the correct amount due each of these claimants. The result is, not that the improvement companies were or will be deprived of the ability to recover

anything of the city, but merely that their ultimate recoveries were or will be reduced.

Since the principal amount of the claim of Windsor Farms, Incorporated, $279,521, was no longer in dispute, the city, on the date of the entry of the final decree, paid into court a sufficient amount to satisfy the award, the effect of which was, of course, to stop the running of interest thereon. However, the net result of the litigation is that this creditor has recovered a substantial amount from the city. The fact that the appellate court has not allowed as much interest as the creditor claimed, or as the lower court allowed, is no reason why the creditor should be deprived of costs in the lower court which are incidental to its judgment.

The same is true of the claim of Grove Improvement Corporation. Even under the principles laid down in our former opinion, this creditor will recover of the city approximately $29,000. The fact that the appellate court has reduced the amount recovered by the creditor should not deprive it of its costs incurred in the court below, and which ordinarily would follow the judgment.

In view of the claims made by the respective parties in the lower court, and the results obtained there, that tribunal might possibly have divided or apportioned the costs. But the statute[3] leaves that to the discretion of the lower court and not the appellate court.

The situation here is not like that in *McLean* v. *Hill*, 185 Va. 346, 38 S. E. (2d) 583, cited by the city. There several parties, in effect, laid claim to a fund. The more those in one class received, the less there would have been for those in the other class. Although McLean and Wright, creditors in one class, were successful both in establishing their claims and in repelling those of their adversaries, the lower court assessed one-third of the costs against McLean and Wright. We held that since McLean and Wright had substantially prevailed in the court below, no part of the costs should have been assessed against them.

---

[3] Note 1, *supra.*

Following our indicated practice in such matters, we might properly have left the allowance of the costs in the lower court to await the entry of a final decree there. But these costs included appraisers' fees allowed by the court and the amount is large. The matter is made the subject of an assignment of error in the petition for appeal and has been fully argued before us. Hence, we should decide it now rather than defer it until another appeal which would likely follow.

For these reasons, as well as those set forth in the majority opinion handed down today, I think our previous opinion (185 Va. 176, 37 S. E. (2d) 873) should be modified to the extent indicated.

Mr. Justice SPRATLEY concurs in these views.

HOLT, C. J., dissenting.

One who wins a final judgment in this court should not be saddled with costs incurred in the court below. If this be not true, he might in winning a case lose it, for costs might amount to more than the subject matter of litigation.

The right of annexation is not in issue here. That right we affirmed five years ago.

Among other lands annexed are two tracts owned or controlled by two private complaining corporations as is set out in their petitions to rehear. As might have been expected, they asked compensation for rights taken. In some instances their demands were deemed excessive by the city, hence this suit. These claims, charged to have been excessive, were allowed by the court below. To the sums so allowed, errors were assigned by the city and in each instance the city has prevailed. On this state of facts we charge up against the city costs incurred in the court below.