## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Robert M. Goodman

    v.

Associated Properties, Inc.


Robert M. Goodman

    v.

The Jefferson Corp.

May 18, 1970

By JUDGE A. CHRISTIAN COMPTON

Mr. Michael L. Soffin appeared pursuant to notice this morning to be heard upon his motion to speed these cases, along the lines of his letter of April 30, 1970, to Mr. William R. Cogar which was attached to the motion.

As I indicated to Mr. Soffin the court is in doubt as to whether it may properly entertain a renewed motion to strike the plaintiff's evidence in these two cases at this stage of the proceedings, that is, after a continuance has been granted. The defendants seek to have the court set up a schedule for the filing of briefs and for oral argument upon the motion to strike. Before this is done, I would like to meet with counsel to receive your views as to whether such a motion may properly be heard at this time.

As I recall the proceedings during the trial of these cases (and I could be in error about this), before the continuance was granted, the court overruled the defendants' motion to strike at the conclusion of the plaintiff's evidence. When the motion to continue was granted at the end of the direct examination of the defendants' witness Brown, the defendants asked to again be

heard upon their motion to strike. When the court asked for a response to that motion from counsel for the plaintiff, Mr. Farley took the position that since his firm would have to withdraw he should participate no further as counsel for the plaintiff and he therefore took no position on the motion aforesaid. Thereupon the court did not rule on the defendants' request to be allowed to renew its motion to strike. It is for this reason that the order of April 16 in each case did not make the trial nugatory by declaring a mistrial (which is customarily done in This court when the trial of a case is interrupted because a motion for a continuance is granted). For the definition of "mistrial," see 27 Words and Phrases 620 and Blacks Law Dictionary, Third Edition.

The court has tentatively scheduled the above meeting with counsel for June 3, at 9:00 A.M. This time suits Mr. Soffin but if it does not suit Mr. Cogar another day during that week can be obtained for the same hour agreeable to both counsel by calling our clerk.

The court has considered the defendants' motion to require reimbursement by the plaintiff to the defendants of their reasonable expenditures herein including reasonable counsel fees. Such motion is denied. The plaintiff shall pay to the defendants the sum of $2.50 which represents the total of the fees for service of witness subpoenas in these two cases.

All costs are of a statutory authorization because the common law gave none in any case. *Richmond* v. *County of Henrico*, 185 Va. 859, 961 (1947). Code, Section 14.1-187 makes the assessment of *costs* upon a motion of this type discretionary. See also Burks Pleading and Practice, Fourth Edition, Section 264, p. 474. But the term "costs" has a "well-defined legal meaning, and means those expenses incurred by parties in prosecuting or defending a suit, action or other proceeding at law or in equity, *recognized and allowed by law*, and taxed against the losing party." (emphasis supplied). *Morgan* v. *Haley*, 107 Va. 331, 337 (1907). The court has found no statutory authority in Virginia (nor has it been referred to any) authorizing a state court in an action at law to assess as part of the costs for a continuance the "expenditures including reasonable counsel fees" against the party moving for the continuance. See also 5 M.J., *Costs*, Section 3, p. 3.