## CIRCUIT COURT OF ALBEMARLE COUNTY

Country Homecrafters, Inc.

    v.

Judy Granberry

          Case No. 4635-L

Judy Granberry Pinyoun

    v.

Country Homecrafters, Inc.

          Case No. 4639-L

          July 8, 1991

By JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Application for Confirmation of Arbitration Award filed by Country Homecrafters, Inc., pursuant to § 8.01-589.09 of the Code of Virginia of 1950, as amended, and on the Motion to Vacate Arbitration Award filed by Judy Granberry Pinyoun pursuant to § 8.01-581.010 of the Code of Virginia of 1950, as amended.

This case arises out of a home construction contract. In the contract, the parties made provisions for insurance, construction, inspection, plan changes, cost overruns, and dispute arbitration. When the home was substantially complete, a dispute arose regarding the quality, sufficiency and timeliness of the work of Country Homecrafters. The dispute could not be resolved, and a claim was submitted to be heard pursuant to the arbitration language of the

contract. The claim presented to the arbitrator was for $16,616.56, and the arbitrator awarded Country Homecrafters, Inc., $6,913.00. Thirty days passed without payment, and Country Homecrafters filed this action as aforementioned. Ms. Granberry responded with her Motion to Vacate the Award.

The contract between the parties provides for attorney's fees to be awarded to the substantially prevailing party in the event of arbitration.

> 12. *Expenses of Arbitration or Litigation.*
> In the event a dispute under this agreement results in arbitration or litigation, the substantially prevailing party shall recover all of its expenses of arbitration or litigation, including reasonable attorney's fees incurred, from the other party.

In his arbitration award, the arbitrator stated that he had "heard the proofs and allegations, including claims for attorney fees, of the Parties . . . ."

The dispute here is over attorney's fees. In its Motion for Arbitration, Country Homecrafters requested as a part of its claim of $16,616.56 the sum of $1,184.00 in attorney's fees. In her Motion to Vacate, Ms. Granberry requested either $3,864.87 (Homecrafters figure) or $5,364.87 (Granberry figure). The arbitrator specified neither the substantially prevailing party nor whether any attorney's fees were actually awarded -- only that they were considered. Granberry contends that she was the substantially prevailing party because Homecrafters did not receive more than half of its requested claim. Using her reasoning, a substantially prevailing party is one who is awarded at least half of his or her claimed damages. If winning at least a fifty percent award were required to be a substantially prevailing party, then the award here would have to be remanded to reduce the award to Homecrafters by either $3,864.87 or $5,364.87. It could not be the case that such a reduction were already made because if the fees had been taken off of Homecrafters award, then the beginning sum of that award would have been over $10,000. That would be clearly more than one-half of the total asked for and Homecrafters would be the sub-

stantially prevailing party with the $10,000.00 plus award entered on the record by the arbitrator.

The Virginia courts have not established a bright-line rule for determining which is the substantially prevailing party. The usual statement is that " 'substantially prevailing' has frequently been decided in accordance with the essence and right of the case upon its disposal by the appellate court, independent of the technical right of either party to an affirmance or a reversal." 5A M.J., *Costs*, § 9 (1988). The context of that section is how costs are awarded for appeals by statute. Nowhere have the Virginia courts defined "substantially prevailing party" in the context of contractually stipulated arbitration.

Two good and useful definitions of when a party substantially prevails are given in *Richmond v. County of Henrico*, 185 Va. 859, 41 S.E.2d. 35 (1947). Both are given from the perspective of an appellate court where the baseline is the lower court's award.

> The general rule is that, when a defendant admits liability for an amount less than that alleged against him, he may tender or pay into court the full amount that he admits to be due plaintiff, plus the costs incurred to that date. If, upon final adjudication, plaintiff recovers no greater sum than defendant paid into court, he is awarded no cost, but if he recovers a sum larger than that admitted to be due, all costs are awarded to him.

*Id.*, 185 Va. at 866, 41 S.E.2d at 40. This rule is specifically designed for appeals, but can be imperfectly tailored to this case. At the arbitration, for which the fees were awarded or not, defendant Granberry was given a Bill of Particulars for which, though unclear from the evidence, it appears she completely denied liability. She did not pay into court those portions of the bill which she knew to be valid. She contested them all. Homecrafters was awarded a sum greater than that which the defendant had paid into the court, and is therefore the prevailing party. However, this rule provides for the recovery for the "pre-

vailing party" without distinguishing it from a "substantially prevailing party."

The other application that the *Richmond* court gives is a bit more complex, but more applicable.

> This court, on the appeal, modified the judgments of the trial court to the extent that the city was relieved of paying interest from July 1, 1942, on either judgment, a saving to the city of approximately $67,000.00 on the judgment awarded Windsor Farms, Inc., and approximately $8,542 on the judgment awarded Grove Improvement Corporation. In addition, the judgment of $35,217 awarded Grove Improvement Corporation was reduced to $28,945, a reduction of $6,272. These facts bring the city within the purview of the statute as the "party substantially prevailing" in the appellate court.

*Id.*, 185 Va. at 870-71, 41 S.E.2d at 42. In this case, unlike the one at bar, the fees sought are appellate and the baseline for the award is the lower court's judgment. In effect, the appellate court reduced the lower court's award approximately 21% or the city won on appeal 21% of the amount they were seeking. For this, the appellate court labeled them the "substantially prevailing party." In the case at bar, the plaintiff, Country Homecrafters, Inc., by being awarded $6,913, won approximately 42% of the $16,616.56 that it was seeking. On the logic used by the Supreme Court, Country Homecrafters is the "substantially prevailing party." Therefore, the arbitrator did not exceed his power and the Court confirms the award made by the arbitrator in favor of Country Homecrafters, Inc., and denies the Motion to Vacate the Arbitration Award filed by Mrs. Granberry (Pinyoun).

Under § 8.01-581.012 the Court may award costs to Country Homecrafters, Inc., for confirming an award but declines to do so because this appears to be a case of first impression.