## CIRCUIT COURT OF FAIRFAX COUNTY

Kelly Lynn LeBrun

v.

Jay B. Yakeley

March 7, 2005

Case No. Law 209591

BY JUDGE JANE MARUM ROUSH

This matter came on the defendant's "Motion for Modification of the Final Order and for Reconsideration" and the plaintiff's opposition thereto. For the reasons stated below, the defendant's motion will be granted. The final order entered in this case will be modified to limit the pre-judgment interest included in the jury's award to the compensatory damages only, not the punitive damages.

*Facts*

The facts of this case are well-known to the parties and will be briefly summarized here. The plaintiff, Kelly Lynn LeBrun, brought this action against the defendant, Jay B. Yakeley, her former stepfather, alleging a cause of action for intentional infliction of emotional distress. After a two-day trial, the jury found in favor of the plaintiff and awarded her $25,000 in compensatory damages and $275,000 in punitive damages. The jury awarded the plaintiff interest on the sum of $275,000 beginning on February 17, 2001. The defendant objects to the award of interest on any amount of the jury's verdict above the compensatory damages of $25,000.

*Discussion*

Virginia Code § 8.01-382 provides in pertinent part:

> In any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence.

Virginia Code § 8.01-382.

The defendant claims that "any principal sum" awarded is limited to the principal sum of any compensatory damages awarded. The plaintiff claims that "any principal sum" includes both compensatory and punitive damages.

In *Advanced Marine Enterprises v. PRC, Inc.*, 256 Va. 106, 501 S.E.2d 148 (1998), the Virginia Supreme Court held that "generally, prejudgment interest is not allowed on unliquidated damages in a dispute between the parties." *Id.* at 126. In that case, the Court reversed an award of pre-judgment interest on both compensatory and punitive damages, because the punitive damages were not liquidated prior to the trial court's final judgment.

"Pre-judgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered." *Monessen Southwestern Ry. v. Morgan*, 486 U.S. 330, 335, 100 L. Ed. 2d 349, 108 S. Ct. 1837 (1988), *quoted in Shepard v. Capitol Foundry*, 262 Va. 715, 554 S.E.2d 72 (2001), and *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 449 S.E.2d 799 (1994). "Interest is allowed because it is natural justice that he who has the use of another's money should pay interest for it." *Shepard, supra*, at 722, *citing J. W. Creech, Inc. v. Norfolk Air Conditioning Corp.*, 237 Va. 320, 377 S.E.2d 605 (1989), and *Jones v. Williams*, 6 Va. (2 Call) 102 (1799).

Unlike pre-judgment interest, punitive damages, by definition, are not intended to compensate the plaintiff. Instead, they are intended to punish the defendant and to serve as an example to others in order to prevent them from acting in a similar way. Thus, the purposes of pre-judgment interest (to make the plaintiff whole) and punitive damages (to punish the defendant and serve as a deterrent to others) are antithetical.

Furthermore, the plaintiff has no right to punitive damages until a judgment has been entered in the plaintiff's favor that awards punitive damages. Pre-judgment interest is therefore not appropriate on punitive damages because it cannot be said that the defendant has enjoyed the use of the punitive damages to which the plaintiff was entitled before judgment.

A majority of the courts from other states that have considered the issue have held that a plaintiff is not entitled to pre-judgment interest on an award of punitive damages. *See generally* Annotation, *Right to Prejudgment Interest on Punitive or Multiple Damage Awards*, 9 A.L.R. 5th 63 (1993).

Applying those principles to the facts of this case, the jury's award of $25,000 was intended to compensate LeBrun for the emotional distress caused by her stepfather Yakeley. The jury's award of $275,000 in punitive damages was intended to punish Yakeley and serve as an example to prevent others from acting in a similar way. An award of pre-judgment interest on any part of the punitive damage award will in no way serve the purpose of Va. Code § 8.01-382 to make LeBrun whole. Additionally, LeBrun had no entitlement to the punitive damage award until judgment was entered. Yakeley has not had the use of the $275,000 punitive damage award to which LeBrun was entitled since February 17, 2001, the date at which the jury determined that interest should commence.

## Conclusion

For the foregoing reasons, the defendant's motion will be granted. The final order will be modified to limit the pre-judgment interest awarded to the $25,000 compensatory damages.

## Amended Final Order

On November 29 and 30, 2004, the parties to this action came before this court for a jury trial. After a jury was duly empaneled, the plaintiff introduced her evidence and rested. The defendant then moved the court to strike the plaintiff's evidence and to enter judgment in his favor. The court took that motion under advisement. The defendant introduced his evidence. At the conclusion of the defendant's case, the plaintiff introduced testimony to rebut the defendant's evidence. At the conclusion of the evidence, both sides having rested, the defendant renewed his motion to strike the plaintiff's evidence and to enter judgment in his favor. The motion was taken under advisement. The jury received instructions from the court and heard closing arguments. The jury returned a verdict in favor of the plaintiff in the amount of $25,000 in compensatory damages and $275,000 punitive damages. The jury awarded the plaintiff pre-judgment interest on the amount of $275,000, beginning February 17, 2001. The defendant filed his motion to set aside the verdict, which was heard on January 28, 2005. The court denied this motion. A final order was entered on February 11, 2005. The defendant filed his "Motion for

Modification of the Final Order and for Reconsideration." The court entered its order of February 15, 2005, suspending the final order of February 11, 2005, until the defendant's motion was ruled upon. The plaintiff filed her opposition to the defendant's motion. The court having granted the defendant's motion for modification of the final order; it is hereby ordered that judgment is hereby entered in favor of the plaintiff, Kelly Lynn LeBrun, and against the defendant, Jay B. Yakeley, in the amount of $25,000 in compensatory damages, plus interest thereon at the rate of 6% beginning February 17, 2001, until paid, plus punitive damages of $275,000. Interest shall accrue on the punitive damages at the judgment rate from the date of this order until paid. This matter is final.