PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Millette, JJ., and Carrico, S.J.

COTTON CREEK CIRCLES, LLC, ET AL.

v.     Record No. 090283                    OPINION BY
                                    JUSTICE BARBARA MILANO KEENAN
                                            February 25, 2010
SAN LUIS VALLEY WATER CO., ET AL.

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Beverly W. Snukals, Judge

     In this appeal, we consider whether the circuit court erred in confirming an arbitration award in a contract dispute involving the members of a limited liability company.

     Cotton Creek Circles, LLC, was formed to develop and sell water rights to certain Colorado municipalities (the Project). This limited liability company has three members, one of which is co-owned by Gary C. Boyce. Boyce also owns Boyce Land & Cattle Company, a cattle ranching company.

     The other two members of Cotton Creek Circles, LLC, are James River Capital Corporation and Deepwater Development, LLC. They are joined as parties with Cotton Creek Circles, LLC, in this appeal, and we will refer to these three parties collectively as the "Cotton Creek plaintiffs."

     Under the "Cotton Creek Circles, LLC Limited Liability Company Agreement" (the Operating Agreement), the members'

business activities are limited by the following provision (the non-compete clause):

> [I]f [Cotton Creek Circles, LLC] has not abandoned in writing the pursuit of the Project, then for such period of time as any of the [members] is involved in the potential or actual purchase, development or sale of any water project within 100 miles of the boundaries of either the Cotton Creek Ranch or Rancho Rosado (the "Protected Water Project Area"), <u>in no event shall any of the any [sic] Boyce Entities pursue the acquisition or development of water projects or any property relating thereto within the Protected Water Project Area without the prior written consent of [James River Capital Corporation]</u>.

(Emphasis added.)

In 2005, Boyce Land & Cattle Company leased land, known as Cherry Creek Ranch, for the purpose of grazing cattle. Under the lease agreement, Boyce Land & Cattle also obtained an option to purchase Cherry Creek Ranch (the Option). It is undisputed that Cherry Creek Ranch lies within the "Protected Water Project Area" designated by the non-compete clause, and that Cherry Creek Ranch could provide water for the Project.

A dispute arose among the parties regarding the Option, and the Cotton Creek plaintiffs filed a demand for arbitration under the following provision of the Operating Agreement:

> THE MEMBERS AGREE THAT IN THE EVENT OF <u>ANY DISPUTE WITH RESPECT TO THIS AGREEMENT</u>, THEIR RESPECTIVE OBLIGATIONS HEREUNDER, OR ANY OTHER MATTER RELATING TO [COTTON CREEK CIRCLES, LLC] WHATSOEVER, SUCH DISPUTE SHALL BE SETTLED BY ARBITRATION . . . IN ACCORDANCE WITH THE

2

COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION.

(Emphasis added.)

At a hearing before a panel of arbitrators (the Panel), the Cotton Creek plaintiffs asserted that Boyce had breached the non-compete clause by attempting to exercise the Option in favor of Boyce Land & Cattle. Boyce conceded that he intended to exercise the Option for Boyce Land & Cattle but stated that he would provide a water rights easement to Cotton Creek Circles, LLC.

The Panel ruled that Boyce Land & Cattle owned the Option subject to an obligation to provide to Cotton Creek Circles, LLC an easement for the water rights to Cherry Creek Ranch. The Cotton Creek plaintiffs filed a motion in the circuit court to vacate the arbitration award, arguing that the Panel exceeded its powers by disregarding the unambiguous terms of the non-compete clause. The circuit court denied the motion to vacate and confirmed the arbitration award.

On appeal, the Cotton Creek plaintiffs argue that the circuit court should have vacated the Panel's award under section 10(a)(4) of the Federal Arbitration Act, 9 U.S.C. §§ 1 through 16 (2006 & Supp. II 2008) (the Act), which permits a court to vacate an award if the arbitrators exceed their powers. The Cotton Creek plaintiffs contend that the Panel's award,

3

which grants the option of title to Cherry Creek Ranch to Boyce Land & Cattle, ignores the plain language of the Operating Agreement by permitting Boyce Land & Cattle to acquire title to Cherry Creek Ranch without the consent of the members of Cotton Creek Circles, LLC.  Thus, the Cotton Creek plaintiffs argue that the Panel exceeded its powers by fashioning a remedy that contravenes the unambiguous terms of the Operating Agreement's non-compete clause.

In response, Boyce argues that this Court's review of the arbitration award under section 10(a)(4) of the Act is limited to a determination whether the parties granted to the Panel the authority to resolve the present dispute.  Boyce contends that under the terms of the Operating Agreement, the task of interpreting the non-compete clause fell squarely within the Panel's authority to settle "any dispute" regarding that agreement.  Boyce further argues that the Panel did not ignore the non-compete clause but rather applied a particular interpretation of the disputed language.  Therefore, Boyce asserts, the circuit court properly rejected the Cotton Creek plaintiffs' motion.

In resolving this issue, we consider de novo the circuit court's denial of the motion to vacate the Panel's award.  See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995); Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234

4

(4th Cir. 2006); Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 191 n. 1 (4th Cir. 1998). We conduct our review mindful of the principle that judicial review of an arbitration award under the Act is "among the narrowest known to the law." Long John Silver's Restaurants, Inc. v. Cole, 514 F.3d 345, 349 (4th Cir. 2008) (quoting U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO, 204 F.3d 523, 527 (4th Cir. 2000)).

The parties agree that the scope of our review is defined by the Act's very limited vacatur authority. See Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC, 519 F.3d 200, 207 (4th Cir. 2008); Long John Silver's, 514 F.3d at 349; Patten, 441 F.3d at 234. Under that authority, a party seeking to vacate an arbitration award bears the burden of demonstrating one of the exclusive grounds set forth in section 10 of the Act. See Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 584 (2008); Choice Hotels, 519 F.3d at 207; Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349, 358 (5th Cir. 2009).

In the present dispute, the parties have confined their argument to only one of those specific grounds for vacatur, namely, whether the Panel exceeded its powers as stated in section 10(a)(4) of the Act. Under that provision, a court may vacate an arbitration award if "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final,

5

and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).

Under the Act, arbitrators do not exceed their powers if they misinterpret a contract or make errors of law.  Apex Plumbing, 142 F.3d at 193-94; Richmond, Fredericksburg & Potomac R.R. Co. v. Transportation Commc'ns Int'l Union, 973 F.2d 276, 281 (4th Cir. 1992).  Even serious errors of interpretation are not sufficient to overturn an arbitration award.  See Long John Silver's, 514 F.3d at 349.  Instead, for arbitrators to exceed their powers within the meaning of section 10(a)(4) of the Act, the arbitrators must egregiously depart from the authority conferred by the parties in their arbitration contract.  See Hall Street Assocs., 552 U.S. at 586.

Applying these principles, we conclude that the parties' Operating Agreement granted the Panel the authority to settle the present dispute.  The broad arbitration agreement, which conferred on the arbitrators the power to resolve "any dispute with respect to [the Operating Agreement]," necessarily included the authority to settle a dispute over the proper interpretation and application of the non-compete clause.

The Cotton Creek plaintiffs argue, nevertheless, that the Panel exceeded its powers by "ignoring" the language of the non-compete clause.  We conclude that there is no merit in this contention.

The Panel's interim award expressly refers to the non-compete clause and, in reaching its decision, the Panel effectively interpreted the term "water projects" in the non-compete clause as referring to undertakings other than "the Project" referenced in that same clause. Thus, the Panel plainly applied the language of the non-compete clause by fashioning a remedy that prohibits Boyce from retaining all water rights in Cherry Creek Ranch, located within the Protected Water Project Area, to the exclusion of Cotton Creek Circles, LLC.

In reaching this conclusion, we emphasize that the grounds for vacatur provided in the Act, including the present challenge to the arbitrators' exercise of their powers, do not permit a court to overturn an arbitration award based merely on a party's disagreement with the arbitrators' decision. Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994). "[P]arties may not seek a 'second bite at the apple' simply because they desire a different outcome." Id. In effect, that is what the Cotton Creek plaintiffs have requested in this appeal.

In addition, we observe that even if the Panel erred in its interpretation of the non-compete clause, that error does not provide a basis for vacating the Panel's award pursuant to section 10 of the Act. As stated above, arbitrators do not exceed their powers, within the meaning of section 10(a)(4) of

7

the Act, by misinterpreting a contract.  Apex Plumbing, 142 F.3d at 193-94; Richmond, Fredericksburg & Potomac R.R., 973 F.2d at 281.  Accordingly, we hold that the Panel did not exceed its powers in resolving the parties' dispute concerning the proper application of the non-compete clause and that, therefore, the circuit court did not err in confirming the arbitration award.

For these reasons, we will affirm the circuit court's judgment confirming the arbitration award.

Affirmed.