COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Athey and White
Argued at Richmond, Virginia


WAYNE KENNETH MARTIN

MEMORANDUM OPINION* BY
v.         Record No. 1109-18-2            JUDGE CLIFFORD L. ATHEY, JR.
SEPTEMBER 26, 2023
HANADI AL-SAMMAN


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Wayne Martin, *pro se*.

E. Kyle McNew (Jason P. Seiden; MichieHamlett PLLC, on brief),
for appellee.


Wayne Martin ("Martin"), *pro se*, appeals from a June 29, 2018 final decree of divorce

entered by the Albemarle County Circuit Court ("circuit court"), incorporating the parties' May

27, 2014 separation agreement. Initially, Martin alleges fifteen separate assignments of error

related to the circuit court "fail[ing] to rule" on his motions challenging the validity of the

separation agreement which the circuit court incorporated into the final divorce decree; he asks

this Court to "decree the separation agreement void," "voidable," or "invalid." Martin

additionally assigns error to the circuit court's: (1) order entered in response to this Court's

remand order; (2) award of attorney fees and sanctions against him; (3) denial of his numerous

motions; and (4) finding that certain of his objections were late. Finding no error, we affirm the

circuit court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Shah v. Shah*, 70 Va. App. 588, 591 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Martin and Hanadi Al-Samman ("Al-Samman") married on December 23, 1996. There were two children born during the marriage. On May 27, 2014, Martin and Al-Samman executed a separation agreement, which stated, among other provisions, that Al-Samman was "solely" financing and purchasing a property located at 1820 Wickham Place. The separation agreement further stated that Al-Samman was "the uncontested sole owner of this property."

In 2017, Al-Samman filed a complaint for divorce and moved to incorporate the separation agreement into "any Final Decree of Divorce."[1] Martin filed an answer responding to the complaint for divorce. After several pre-trial hearings, the circuit court conducted a two-day bench trial on June 5 and 6, 2018 regarding contested grounds for divorce, equitable distribution, spousal support, custody, visitation, and child support.

Over the course of the trial, Martin challenged the validity of the separation agreement, the source of Al-Samman's down payment for 1820 Wickham Place, and the classification of that property. Al-Samman testified that she wrote the separation agreement so that it was "clear" that she had purchased and financed the house with her own resources, including a gift from her parents. Al-Samman further testified that "throughout the years," her parents had given her cash gifts, which she deposited into her own separate bank account. In addition, she testified that she used those separate funds for the down payment on the house at 1820 Wickham Place. Also, Al-Samman moved into evidence an affidavit from her parents, who attested that they had given

---

[1] Al-Samman subsequently filed an amended complaint, to which Martin responded.

- 2 -

Al-Samman $40,000 in cash as "a separate gift to her alone and not part of any marital property, and further that the gift was to be used for the exclusive purpose of purchasing her separate home located at 1820 Wickham Place, Charlottesville, Virginia, USA." Martin contested the parental gifts and the source of the down payment for the home, contending that the funds Al-Samman had used for the down payment came from marital accounts. The circuit court credited Al-Samman's testimony that the down payment came from her parents' gifts and found that Al-Samman's bank statements were "consistent" with someone receiving money "from an external source."

Having accepted Al-Samman's account, the circuit court granted her request to incorporate the separation agreement into the final decree of divorce. The circuit court then focused on the "the wording of the separation agreement," which it found "[un]complicated," to determine that Al-Samman was "going to make the purchase and finance [the property] solely by herself" and "that's what the evidence has shown." The circuit court then directed Al-Samman to prepare the final decree of divorce.

Following the circuit court's ruling from the bench, Martin filed numerous motions, generally seeking reconsideration, reopening the evidence, and seeking to invalidate the separation agreement. The circuit court held a post-trial motions hearing on June 29, 2018, denied Martin's various motions, and entered the final decree of divorce. Martin timely noted his appeal.

Next, Martin submitted a written statement of facts in lieu of a transcript of the June 29, 2018 post-trial hearing and other various matters, to which Al-Samman objected. Although Martin filed additional motions in the circuit court, Al-Samman argued that the circuit court lost jurisdiction to "alter or amend" the final decree of divorce. On March 8, 2019, the circuit court conducted a hearing and adopted Al-Samman's alternative written statement of facts in lieu of a

- 3 -

transcript. The written statement of facts in lieu of a transcript confirmed that the circuit court had denied five of Martin's post-trial motions.[2] On March 19, 2019, the circuit court further held that any motions Martin filed that were "not specifically addressed" in the written statement of facts in lieu of a transcript were dismissed "as waived due to [Martin's] failure to properly and timely bring them for hearing." Martin filed a motion to reconsider, which the circuit court denied.

After the circuit court transmitted the record to this Court, Martin filed a pleading claiming that documents were missing from the record that had been submitted to the clerk of the circuit court on June 29, 2018, November 13, 2018, and March 21, 2019. This Court accepted Martin's pleading as a petition for writ of certiorari. On November 2, 2020, this Court remanded the case for the circuit court to determine whether the alleged documents were missing from the record.

Following our remand, Martin filed numerous motions, some of which sought injunctions and reconsideration of the ruling on 1820 Wickham Place. In response to Martin's numerous filings, Al-Samman requested an award of attorney fees as a sanction under Code § 8.01-271.1. Al-Samman explained that several of Martin's motions listed and attached documents that he alleged were not included in the record, but the more than 400 pages were "not actual copies" of what had been submitted to the circuit court. The documents were "new" copies that did not accurately reflect the items submitted to the circuit court. After comparing Martin's allegedly missing documents with the table of contents of documents that the circuit court previously had sent to this Court, Al-Samman determined that "every single 'missing' motion was in the record,

---

[2] The circuit court specifically denied Martin's "Motion for Reconsideration" filed June 11, 2018; "Motion for Reconsideration" filed June 15, 2018; "Motion to [Void the] Separation Agreement" filed on June 18, 2018; "Motion to Reconsider the Motion to Continue" filed on June 27, 2018; and "Motion to Continue with Proof" filed on June 28, 2018.

- 4 -

except for what [Martin] filed after the record was closed." Al-Samman argued that Martin's motions were "not grounded in any facts" and "were filed without a modicum of reasonable inquiry," which caused "a completely unnecessary delay and a needless increase in the cost of this litigation."

After conducting four separate hearings on the various filings, the circuit court held that, except for two specified pages, the exhibits in a binder Martin had "placed" in the circuit court clerk's office on June 29, 2018, were "deemed filed as of June 29, 2018" and would be "transmitted as part of the record to the Court of Appeals."[3] Addressing Martin's motions regarding 1820 Wickham Place, the circuit court found that it had "previously heard oral argument" on the matter and "did not have authority" to act on his motions while the appeal remained pending before this Court. The circuit court denied Martin's motions and granted Al-Samman's request for sanctions. The circuit court ordered Martin to pay a total of $5,978.50 and prohibited him from filing any further motions "until after this case has been ruled upon by the Court of Appeals."[4] The circuit court directed Al-Samman to prepare an order consistent with its ruling and informed Martin that he could note his objections to the order. After Al-Samman proffered her order, Martin filed four sets of objections to the circuit court's ruling between May 31, 2022, and June 15, 2022. The circuit court held that Martin's objections filed on May 31, 2022, were "noted and attached as part of" its order, but the circuit court "refused to consider" the "other objections" because they were not "timely filed."[5]

---

[3] The circuit court further found that "these exhibits were previously transferred to the Court of Appeals as part of other [m]otions and were already before the Court of Appeals as part of the record." Martin had submitted another binder of documents on November 13, 2018, but "agreed that both binders have the same exhibits."

[4] The circuit court allowed Martin to "note his objections to the [c]ourt's ruling."

[5] The circuit court had ruled that Martin had 14 days after Al-Samman proffered her order for entry to file his objections. Al-Samman moved for entry of the order on April 1, 2022.

On June 22, 2022, the circuit court entered an order in response to this Court's November 2, 2020 remand order.[6] The circuit court denied Martin's motions and awarded sanctions, ordering Martin to pay $5,987.50. The circuit court attached Martin's objections filed on May 31, 2022. On September 1, 2022, this Court received the supplemented record from the circuit court.

## II. ANALYSIS

### A. *Standard of Review*

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." *Price v. Peek*, 72 Va. App. 640, 646 (2020) (quoting *Jones v. Gates*, 68 Va. App. 100, 105 (2017)). "[T]his Court reviews the circuit court's 'interpretation of the parties' agreement *de novo.*'" *Id.* (quoting *Jones*, 68 Va. App. at 105). However, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Koons v. Crane*, 72 Va. App. 720, 741 (2021) (quoting *McKee v. McKee*, 52 Va. App. 482, 492 (2008) (en banc)).

An appellate court reviews a decision to grant or deny sanctions for an abuse of discretion. *Carrithers v. Harrah*, 63 Va. App. 641, 653 (2014). "When we say that a circuit court has discretion, we mean that 'the [circuit] court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Pine Hill Group, LLC v. Nass Group, LLC*, 76 Va. App. 384, 388 (2023) (alteration in original) (quoting *Stark v. Dinarany*, 73 Va. App. 733, 745-46 (2021)). "Thus, only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* (quoting *Stark*, 73 Va. App. at 746).

---

[6] Later, on the same day, the circuit court corrected a typographical error in the order.

B. *The circuit court did not err in incorporating the separation agreement into the divorce decree.*

After the circuit court ruled from the bench on June 6, 2018, Martin filed numerous motions regarding the validity of the parties' separation agreement and Al-Samman's claim that the down payment originated from separate funds. On appeal, Martin presents procedural challenges, based on the circuit court's purported failure to rule on some of his numerous (and repetitive) motions. The record, however, reflects that the circuit court denied or dismissed his motions; therefore, the circuit court did not fail to rule on his motions.

In addition, Martin presents substantive challenges to the circuit court's rulings concerning the validity of the parties' separation agreement and argues that the agreement should be "void" or "voidable." "[M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." *Galloway v. Galloway*, 47 Va. App. 83, 91 (2005) (quoting *Cooley v. Cooley*, 220 Va. 749, 752 (1980)). Martin "had the burden at trial to prove by clear and convincing evidence the grounds alleged to void or rescind the agreement." *Id.* (quoting *Drewry v. Drewry*, 8 Va. App. 460, 463 (1989)). He simply failed to do so.

First, the separation agreement executed by Martin expressly provided that he agreed that Al-Samman was the "sole owner" of 1820 Wickham Place. The agreement further provided that Al-Samman had "solely financed and purchased" the property. Second, despite having previously agreed as to the classification of the property and the source of funding to purchase the home, at trial Martin challenged the source of the down payment for the property and questioned whether Al-Samman financed the purchase of the house with her separate property or marital funds. In contravention of the separation agreement, Martin contended that if she had financed the house with marital funds, the separation agreement was void.

- 7 -

On cross-examination Martin asked Al-Samman whether she transferred money from the parties' marital accounts to a separate account, which she denied. He also inquired whether she had declared the gift from her parents on her loan documents. Al-Samman also testified that her parents had provided her with cash gifts, which she maintained in a separate bank account and used for the down payment. In addition, Al-Samman introduced an affidavit from her parents attesting to their gifts, along with her bank statement showing the withdrawal for the down payment for the home at 1820 Wickham Place. She acknowledged that she was "not aware" of HUD rules requiring her to declare a gift because the money "came from [her] separate bank account."

In determining whether the separation agreement was void as Martin contended, the circuit court credited Al-Samman's evidence concerning the source of the down payment for the property. The circuit court found that Al-Samman "was clearly making every effort that she knew how to treat [her parents' cash gifts] as separate." Since we defer to the circuit court on findings of fact and the record supports the circuit court's finding that the separation agreement was valid, we find no error.[7]

C. *The circuit court did not err in its treatment of Martin's motions made upon remand to the circuit court nor in its award of attorney fees to Al-Samman.*

Martin argues that the circuit court erred by disallowing him to file objections to the circuit court's order of June 22, 2022, denying his motion to reconsider the ruling on the ownership of 1820 Wickham Place, and awarding Al-Samman attorney fees. We disagree.

---

[7] To the extent that Martin argues that the agreement was fraudulent and that the circuit court should have continued the matter to allow him more time to acquire and present additional evidence, he fails to provide any binding legal authority to support his claim. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Citing unpublished opinions "is permitted as informative, but will not be received as binding authority." Rule 5A:1(f). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

Martin first argues that the circuit court erred by not allowing him to file objections to the order in violation of his due process rights. The record belies Martin's claim, as the circuit court noted and attached Martin's objections, filed May 31, 2022. In addition, the circuit court allowed Martin to state his objections orally at the June 6, 2022 hearing. Therefore, the record reflects that he had the opportunity to raise his arguments and note his objections. *See Tidwell v. Late*, 67 Va. App. 668, 687 (2017) ("All the authorities agree that 'due process of law' requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before any binding decree can be passed affecting his right to liberty or property." (quoting *Menninger v. Menninger*, 64 Va. App. 616, 621 (2015))).

Martin also argues that the circuit court erred by denying his motions to reconsider its 2018 ruling concerning ownership of 1820 Wickham Place. We disagree; the circuit court correctly held that it did not have jurisdiction to reconsider its ruling regarding the property or the validity of the separation agreement after Martin appealed. "[T]he appeal of a final order *divests* the trial court of authority to modify, amend or change that order until the appellate court has acted." *Simms v. Alexandria Dep't of Cmty. & Hum. Servs.*, 74 Va. App. 447, 468 (2022) (emphasis added) (quoting *Holden v. Holden*, 35 Va. App. 315, 326 (2001)). This Court's remand to the circuit court was for the limited purpose of having the circuit court determine which documents were properly part of the record. "The remand is not intended to give either party a 'second bite at the apple.'" *Slusser v. Commonwealth*, 74 Va. App. 761, 778 (2022) (quoting *Cotton Creek Circles, LLC v. San Luis Valley Water Co.*, 279 Va. 320, 325 (2010)). Thus, the circuit court did not err in refusing to reconsider its earlier rulings.

Finally, Martin challenges the circuit court's order sanctioning him and awarding attorney fees to Al-Samman. Code § 8.01-271.1(B) provides, in relevant part, that the signature of an attorney or a *pro se* party on any "pleading, motion, or other paper" certifies that the

document is "well grounded in fact" and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Code § 8.01-271.1(B)(i)-(iii). "If a pleading, motion, or other paper is signed or made in violation of this section, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion . . . an appropriate sanction." Code § 8.01-271.1(D). The statute's purpose is to "protect[ ] . . . the public from harassment by frivolous, oppressive, fraudulent or purely malicious litigation" by "hold[ing] attorneys and *pro se* litigants to a high degree of accountability for the assertions they make in judicial proceedings." *Shipe v. Hunter*, 280 Va. 480, 484 (2010).

Considering the totality of the record, the circuit court did not abuse its discretion in awarding sanctions. This Court remanded the matter at Martin's request for the limited purpose of permitting the circuit court to determine whether certain documents were part of the record. After the remand, Martin filed more than 20 motions and pleadings before the circuit court entered its certified findings. Rather than addressing the question for which this Court had remanded the case, Martin repeatedly tried to relitigate matters that were before this Court. The circuit court held four hearings and repeatedly reminded Martin of its limited authority under this Court's remand order. Undaunted, Martin continued to file "repetitive" motions. The circuit court further found Martin's motion for an injunction and his motion for reconsideration were not filed with "good cause" or in "good faith." Accordingly, based on the totality of the circumstances, the circuit court did not abuse its discretion in awarding sanctions and attorney fees against Martin.

### D. *Appellate attorney fees are denied.*

Al-Samman asks this Court to award her attorney fees incurred on appeal. *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "This Court has discretion to grant or

deny attorney's fees incurred on appeal." *Stark*, 73 Va. App. at 757. "In making such a determination, the Court considers all the equities of the case." *Id.*; *see also* Rule 5A:30(b)(3). Having reviewed and considered the entire record in this case, we deny Al-Samman's request for attorney fees as Martin was statutorily entitled to this appeal.

## III. CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed.*