UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Chaney and Frucci
Argued by videoconference


GENEVA ENTERPRISES, LLC, ET AL.

                                               MEMORANDUM OPINION* BY
v.       Record No. 0225-24-4                  JUDGE VERNIDA R. CHANEY
                                                   JULY 15, 2025

HAKIM HASHIMI


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
James C. Clark, Judge

Monica T. Monday (David R. Berry; Edward W. Cameron;
Matthew H. Sorenson; Gentry Locke; Cameron McEvoy, PLLC, on
briefs), for appellants.

Robert W.T. Tucci (Zipin, Amster, & Greenberg, LLC, on brief), for
appellee.


Employers Geneva Enterprises, LLC, and AV Automotive, LLC (collectively, "Geneva")

appeal the circuit court's order confirming an arbitrator's $180,029.24 award to employee Hakim

Hashimi in a wage deduction dispute for wages owed, liquidated damages, prejudgment interest,

and attorney fees. The circuit court upheld the arbitration award and further awarded Hashimi

post-judgment interest on the full award and attorney fees incurred litigating the award

confirmation.

Geneva argues that the circuit court erred in confirming the awards because the arbitrator

exceeded the scope of his power. Geneva also argues that the circuit erred in awarding

post-judgment interest on the awards of prejudgment interest, liquidated damages, and attorney

fees as they do not constitute the "principal sum awarded" under Code § 8.01-382. Finally,

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

Geneva argues that the circuit court could not have retained jurisdiction to award attorney fees after the confirmation hearing because it had not bifurcated that issue from the others before trial. This Court affirms in part, finding no error in the circuit court's confirmation of the arbitrator's award, its award of post-judgment interest on liquidated damages, or its award of attorney fees. We reverse the circuit court's grant of post-judgment interest on the part of the arbitrator's award of prejudgment interest and attorney fees.

BACKGROUND[1]

Hashimi was a finance manager at one of Geneva's BMW automobile dealerships. Hashimi was paid on commission and, as part of his employment contract, agreed to submit employment-related disputes to arbitration, including "any claim arising out of . . . any dispute concerning the arbitrability of any claim." The agreement also required Hashimi to give written notice of his intent to dispute any issue within 60 days and to submit the issue to arbitration within 180 days.

On June 15, 2020, Geneva implemented a 10% company-wide pay reduction to its entire staff effective July 1, 2020. This wage reduction applied to both salaries and commissions. "The policy resulted in a total downward change of $6,751.00 to [Hashimi's] compensation." Hashimi resigned in November 2020. On August 27, 2021, Hashimi provided his first written notice that he disputed the wage reduction. In November 2021, Hashimi, along with ten other employees, filed an emergency motion for a preliminary injunction in the circuit court seeking to "toll the applicable statute of limitations until this [c]ourt has had the opportunity to consider the enforceability of the agreement and/or the arbitrability of claims in this case."

---

[1] Under settled principles of appellate review, we state the facts in the light most favorable to Hashimi, the prevailing party below. *Norfolk S. Ry. Co. v. Sumner*, 297 Va. 35, 37 (2019).

Geneva moved the circuit court to compel Hashimi and the other employees to arbitrate the pay dispute. Geneva argued that the plaintiffs, including Hashimi, had signed valid, enforceable contracts in which they agreed to arbitrate any dispute arising out of or related to their employment or termination, including arbitrability. The plaintiffs opposed Geneva's motion, arguing that the arbitration agreements were unconscionable and thus unenforceable. The plaintiffs cited the agreement's 60-day notice period as evidence of unconscionability. They argued that the provision unreasonably "shortened" the period in which they may bring their claims when Code § 40.1-29(L) provides a three-year statute of limitations.

In response, Geneva contended that the notice requirements were not unconscionable. While acknowledging the 60-day notice period, Geneva rejected the plaintiffs' interpretation of the agreement. Geneva defended the validity of the arbitration agreement by assuring the circuit court that the plaintiffs were not prejudiced and could still bring their claims. The circuit court found the agreement was enforceable and ordered the parties to resolve their dispute through arbitration.

Hashimi then demanded arbitration to dispute Geneva's "systemic, company-wide policy of making illegal deductions/withholdings from [his] earned commissions, in violation of the Virginia Wage Payment Act ["VWPA"]."[2] In its answer, Geneva denied Hashimi's allegations but, consistent with its argument in the circuit court, did not assert the agreement's limitation period as an affirmative defense. Months later, Geneva moved the arbitrator to dismiss the action as time-barred. Geneva argued that the 60-day notice period began on June 15, 2020, when it notified Hashimi of the wage deduction, so Hashimi's August 27, 2021 notice of his dispute was more than one year late. Geneva also argued that the 180-day limitation period required Hashimi to begin arbitration no later than December 12, 2020, so his January 4, 2022

---

[2] *See generally* Code § 40.1-29 (codifying the Virginia Wage Payment Act).

demand was also more than one year late. Noting that Geneva had failed to present these arguments in its March 2022 and April 2022 answering statements or in its August 2022 memorandum, the arbitrator found that Geneva had waived the timeliness arguments.[3]

Substantively, Hashimi argued that the wage deduction amounted to an unlawful deduction to earned commissions. Geneva alleged that the wage deduction was a "downward adjustment to unearned commissions," which it argued did not violate the VWPA. The arbitrator deemed the wage deduction to Hashimi's earned commissions a deduction to which Hashimi had not consented, and it awarded him $6,571[4] in withheld wages. The arbitrator also awarded Hashimi $1,308.46 in prejudgment interest on that award, $6,571 in liquidated damages, $156,246.50 in attorney fees, and $9,332.28 in costs, for a total award of $180,029.24.[5]

In response, Geneva petitioned the circuit court to vacate the arbitration awards. As it had during arbitration, Geneva argued that Hashimi had filed his notice and initiated arbitration too late. Geneva argued that, as a result, the arbitrator had exceeded his authority under the arbitration agreement by refusing to enforce the agreement's filing deadlines. Hashimi asked the circuit court to confirm the awards. Hashimi also moved the circuit court to award

---

[3] The American Arbitration Association provides that the respondent "*may* file an Answer with the AAA within 15 days[.]" AAA Rule 4(b)(ii) (emphasis added). However, a party "*must* object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection." AAA Rule 6(c) (emphasis added).

[4] The arbitrator's October 7, 2022 order on summary judgment erroneously totaled the withheld wages to $6,751. This error was corrected in both the March 22, 2023 partial final award and the July 10, 2023 final award.

[5] "[I]f an employer fails to pay wages to an employee in accordance with this section, . . . the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorney fees and costs." Code § 40.1-29(J).

post-judgment interest on the arbitrator's award and sanction Geneva for its "frivolous action" by awarding him attorney fees and costs incurred while litigating the petition to vacate.

The circuit court found that the arbitrator had not exceeded his authority, confirmed the arbitration award, and entered a judgment of $180,029.24 for Hashimi. The circuit court also granted Hashimi six percent in post-judgment interest on the full arbitration award. Finally, the circuit court found Hashimi was entitled to reasonable attorney fees incurred in responding to Geneva's petition to vacate the award. The circuit court retained jurisdiction to determine the amount of reasonable fees. Geneva appeals. This Court has jurisdiction to consider Geneva's appeal under Code § 8.01-581.016(4).[6]

ANALYSIS

I. The Arbitrator's Award

Typically, "we consider de novo the circuit court's denial of the motion to vacate the [arbitrator's] award." *Cotton Creek Circles, LLC v. San Luis Valley Water Co.*, 279 Va. 320, 324 (2010). "[J]udicial review of an arbitration award under [the Federal Arbitration Act, 9 U.S.C. §§ 1-16] is 'among the narrowest known to the law.'" *Id.* (quoting *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345, 349 (4th Cir. 2008)). Under this Act, "a court may vacate an arbitration award if 'the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" *Id.* at 324-25 (quoting 9 U.S.C. § 10(a)(4)).

A court may not reach even this review if barred by the approbate-reprobate doctrine, which prohibits a party from "taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71

---

[6] "An appeal may be taken from . . . [a]n order confirming or denying an award." Code § 8.01-581.016(4).

Va. App. 397, 403 (2020) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The 'doctrine against approbation and reprobation' applies both to assertions of fact and law and precludes litigants from 'playing fast and loose' with the courts, or 'blowing hot and cold' depending on their perceived self-interests." *Id.* (internal citations omitted) (quoting *Babcock & Wilcox v. Areva*, 292 Va. 165, 204 (2016)). "[N]o litigant . . . will be permitted to approbate and reprobate—to invite error, as the [litigant] . . . did here, and then to take advantage of the situation created by his own wrong." *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367 (2003) (second through fourth alterations in original) (finding that Cohn violated the approbate-reprobate doctrine when he alleged that two factual misrepresentations created the basis for two fraud counts when taken together but previously agreed with a circuit court's conclusion that each factual misrepresentation warranted an individual fraud count).

Here, the approbate-reprobate doctrine precludes this Court from considering the merits of Geneva's appeal of the circuit court's award.[7] The record shows that Geneva moved the circuit court to compel Hashimi to arbitration, and it expressly argued that the arbitrator had the authority to decide "issues of arbitrability" under the agreement. When confronted with the argument that Hashimi and the other plaintiffs would be prejudiced by the truncated notice periods, Geneva assured the circuit court that "the Plaintiffs have 180 days to file a demand for arbitration which still has not run yet" and that it did not "think [the plaintiffs'] statute of limitations under the arbitration agreement runs until next week." Geneva represented that the agreement did not "limit the Plaintiffs' ability to vindicate any of the rights that they've asserted in this particular lawsuit." After referencing both the 60-day period to give written notice of intent to dispute an employment matter and the 180-day period to initiate arbitration, Geneva further asserted that "[t]here's no argument

---

[7] *See Nelson*, 71 Va. App. at 403-05 (despite finding that the trial court likely erred in denying Nelson's motions for lack of jurisdiction, this Court was barred from reaching the merits of her motions by the approbate-reprobate doctrine as Nelson previously agreed with the ruling).

here that the Plaintiffs are prejudice[d] by the shortening of the limitations period." The circuit court found that the arbitration clause was valid and enforceable and ordered the parties to resolve the pay dispute through arbitration. Rather than dispute arbitrability before the circuit court, Geneva demanded that the arbitrator address the merits of the pay dispute issue.

More than a year later, the arbitrator awarded Hashimi $180,029.24. Geneva then returned to the circuit court and demanded that the circuit court determine the scope of arbitration. Geneva argued that the arbitrator had erroneously ruled that Geneva had waived its timeliness challenge by failing to contest the point in its answer to Hashimi's demand. According to AAA Rule 6(c), Geneva contended that the arbitrator "can decide arbitrability 'as part of the final award,' which appears to allow for such objections to be considered at any time in the proceedings, even as late as the final award."

Geneva also asserted that the arbitrator exceeded the scope of his authority by declining to enforce the 60-day notice requirement, which Geneva claims began on June 15, 2020 when Geneva first made employees aware of the impending wage deduction. Geneva casts the notice requirement as a condition precedent that Hashimi failed to fulfill. In doing so, it assured the circuit court that Hashimi would not be prejudiced by the timing requirements under the contract. Those actions and representations undercut Geneva's after-the-fact demand that the circuit court limit the arbitrator's authority and argument that Hashimi's claims could not be arbitrated because he was too late in pursuing them. Thus, this Court is "barred by the approbate and reprobate doctrine from reaching the merits" of Geneva's argument, and we do not consider it. *Nelson*, 71 Va. App. at 403. This Court affirms the circuit court's judgment confirming the arbitrator's awards.

## II. Post-Judgment Interest

"Because statutory interpretation presents a pure question of law, it is subject to de novo review." *Boynton v. Kilgore*, 271 Va. 220, 227 (2006). "In any Administrative Process Act action

or action at law or suit in equity, the final order . . . may provide for interest on any principal sum awarded, or any part thereof." Code § 8.01-382. As the Supreme Court has determined, "the 'principal sum awarded' as contemplated by Code § 8.01-382 is that element of the plaintiff's damages that compensates the plaintiff for the actual harm sustained[.]" *Upper Occoquan Sewage Auth. v. Blake Constr. Co.*, 275 Va. 41, 67 (2008). Whether the circuit court could award Hashimi post-judgment interest on (1) the award of prejudgment interest on withheld wages, (2) the liquidated damages award, and (3) the award of attorney fees and costs depends on whether those awards compensated Hashimi for the "actual harm sustained." *Id.* This Court now looks at each award in turn to determine whether the award compensates Hashimi for actual harm such that the award would constitute a "principal sum awarded" for the circuit court to award post-judgment interest.

Geneva asserts that, in *Mar v. Malveaux*, 60 Va. App. 759 (2012), this Court determined that the VWPA is a regulatory statute rather than a remedial one, aiming to dictate employee conduct rather than addressing harm. However, in 2020, the VWPA was amended to add a private right of action for employees. *Campbell v. Groundworks Operations, LLC*, 82 Va. App. 580, 585 (2024). The amendment added subsection (J), which states, in relevant part:

> [I]f an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorney fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs.

Code § 40.1-29(J).  This amendment "allows an employee to bring suit, either individually or collectively with similarly situated employees" against their employers for unpaid wages, independent of the Commissioner's discretion, thereby allowing employees to defend themselves and seek remedies for wage violations.  *Campbell*, 82 Va. App. at 587-88.  This Court in *Campbell* held that "the [2020] amendment superseded the analysis in *Mar* and transformed the Act into a remedial one."  *Id.* at 588.  "We construe remedial statutes 'liberally.'"  *Id.* (quoting *Pompell v. Commonwealth*, 80 Va. App. 474, 481 (2024)).  "In doing so, we read them 'to suppress the mischief and advance the remedy in accordance with the legislature's intended purpose.'"  *Id.* (quoting *Neal v. Fairfax City Police Dep't*, 295 Va. 334, 343 (2018)).

### A.  *Liquidated Damages*

Geneva argues that, even when the Act is interpreted liberally, *Campbell* does not address the issue of whether interest runs on liquidated damages awarded under the Act.  Hashimi contends that, when construed liberally, all awards, including liquidated damages, are part of the "principal sum awarded" under the Act.

When interpreting and applying a statute, this Court assumes "that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words."  *Wilson v. Commonwealth*, 67 Va. App. 82, 91 (2016) (quoting *PKO Ventures, LLC v. Norfolk Redevelopment & Hous. Auth.*, 286 Va. 174, 183 (2013)).  "The 'primary objective of statutory construction is to ascertain and give effect to legislative intent.'"  *Grethen v. Robinson*, 294 Va. 392, 397 (2017) (quoting *Turner v. Commonwealth*, 226 Va. 456, 459 (1983)).  This Court determines that legislative intent "from the plain meaning of the language used."  *Street v. Commonwealth*, 75 Va. App. 298, 306 (2022) (quoting *Hillman v. Commonwealth*, 68 Va. App. 585, 592-93 (2018)).

The statute at issue reads:

> In addition to any civil or criminal penalty provided by this section
> . . . the court shall award the wages owed, *an additional equal
> amount as liquidated damages*, plus prejudgment interest thereon
> . . . , and reasonable attorney fees and costs. If the court finds that
> the employer knowingly failed to pay wages to an employee in
> accordance with this section, the court shall award the employee an
> amount equal to triple the amount of wages due and reasonable
> attorney fees and costs.

Code § 40.1-29(J) (emphasis added). Notably, the first sentence of this code section dictates the standard monetary judgment a court shall award, while the second sentence notes penalties that the court shall award *if* the court finds that the employer knowingly failed to pay wages to an employee. Black's Law Dictionary defines "liquidated" damages as "[a]n amount contractually stipulated as *a reasonable estimation* of *actual damages* to be recovered by one party if the other party breaches." *Liquidated Damages*, *Black's Law Dictionary* (12th ed. 2024) (emphases added). While, if the first sentence of this code section is taken separately, it may appear that liquidated damages is a separate and distinct amount awarded to wages owed, a reading of the statute as a whole creates a clearer picture. The code section requires the court to award the employee "an amount equal to triple the amount of wages due," which can be interpreted to mean penalty damages. Code § 40.1-29(J).

This Court assumes that, in using the term "liquidated damages," the legislature implicitly meant enforceable liquidated damages. In contract law, enforceable liquidated damages are reasonable approximations of actual harm, and as such they are compensatory. When a contractual liquidated damages provision is "grossly in excess of actual damages" that provision will be considered an unenforceable penalty. *Bistro Manila, LLC v. Alvah I LLC*, 83 Va. App. 300, 319 (2025) (quoting *Gordonsville Energy, L.P. v. Va. Elec. & Power Co.*, 257 Va. 344, 355 (1999)). We need not make that inquiry here, however, because the "estimation of actual damages" is determined not by a contract, but the statute itself. We must assume that the legislature chose the

term "liquidated damages" not by accident but "with care" and awareness of what that term conveys: an estimate of actual damages or harm. *Wilson*, 67 Va. App. at 91. Regardless of whether the formula established by the statute here would be upheld as a valid liquidated damages provision should it appear in a contract, this Court understands the use of the term "liquidated damages" to indicate that the additional award is to be treated as though it were wholly compensatory.

Geneva argues that liquidated damages under Code § 40.1-29(J) amount to a penalty, and "punitive damages, by definition, are not intended to compensate the plaintiff." *Sidya v. World Telecom Exch. Commc'ns, LLC*, 301 Va. 31, 49 (2022) (quoting *LeBrun v. Yakeley*, 67 Va. Cir. 122, 123 (Fairfax Cnty. Cir. Ct. 2005)). Punitive damages then can be penalties. *Porter v. Wilson*, 244 Va. 366, 372 (1992). Under the VWPA, when an employer knowingly fails to pay wages, "the court shall award the employee an amount equal to triple the amount of wages due." Code § 40.1-29(J). The VWPA's provision for liquidated damages is separate from the punitive damages award, indicating that the two are distinct awards:

> [T]he court shall award the wages owed, an additional equal amount as *liquidated damages*, plus prejudgment interest . . . , and reasonable attorney fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee *an amount equal to triple the amount of wages due*[.]

Code § 40.1-29(J) (emphases added).

Hashimi was awarded $6,571 in withheld wages. The court then also awarded Hashimi liquidated damages, in the amount of $6,571, exactly the same amount awarded to Hashimi for withheld wages. The liquidated damages awarded is *an additional equal amount*, and not an amount *equal to triple the amount of wages due*. Therefore, a plain reading of both the award and the statute would support the conclusion that the liquidated damages award falls under the principal award of the first sentence as opposed to a penalty award allowed under the second sentence of Code § 40.1-29(J).

Thus, the complete statutory framework reflects the General Assembly's intent that liquidated damages under the Code are part of the employee's remedy for the actual harm sustained. We hold that the liquidated damages under Code § 40.1-29(J) are part of the "principal sum awarded" to a successful claimant because it is the statutory estimation for the actual harm sustained. This Court therefore affirms the circuit court's grant of post-judgment interest on the award of liquidated damages.

### B. *Prejudgment Interest*

Geneva argues that, per *Upper Occoquan*, post-judgment interest cannot run on prejudgment interest because it does not compensate the plaintiff for the actual harm sustained. In response, Hashimi argues that, because the award of prejudgment interest was mandatory pursuant to the Act, it is intended to be part of the "principal sum awarded."

In *Upper Occoquan*, the Supreme Court held categorically that Code § 8.01-382 does not permit awards of post-judgment interest on prejudgment interest, as prejudgment interest is not part of the "principal sum awarded" within the statute's meaning. 275 Va. at 67. Prejudgment interest, whether discretionary or mandatory, does not "compensate[] the plaintiff for the actual harm sustained" under Code § 8.01-382. *Id.* "[T]he 'principal sum awarded' . . . is that element of the plaintiff's damages that compensates the plaintiff for the actual harm sustained, but not any [prejudgment] interest on those damages that the trier of fact might also award." *Id.* Although the Supreme Court observed that the prejudgment interest at issue in *Upper Occoquan* was discretionary, its holding rested on the conclusion that it is the underlying damages that compensate the plaintiff for harm sustained and that prejudgment interest was not compensatory in itself but instead was "applied to" those damages, as another element of recovery. *See id.* As a result, "[t]he phrase 'principal sum awarded' as used in Code § 8.01-382 does not include prejudgment interest[.]" *RGR, LLC v. Settle*, 288 Va. 260, 294 (2014). "[P]ost-judgment interest therefore may

- 12 -

not accrue on prejudgment interest." *Id.* As a result, this Court reverses the circuit court's award of post-judgment interest on the arbitrator's award of prejudgment interest.

### C. *Attorney Fees and Costs*

The Supreme Court of Virginia has long held that "costs do not bear interest." *Scott v. Doughty*, 130 Va. 523, 526 (1921). "The general principle is, that costs are considered as an appendage to the judgment, rather than a part of the judgment itself." *M'Rea v. Brown*, 16 Va. (2 Munf.) 46, 47-48 (1811). Attorney fees that "are entirely a product of statutory awards . . . are typically deemed to be in the nature of costs." *Sidya*, 301 Va. at 47 n.7. "Generally, 'costs' do not include attorney fees *unless* such fees . . . are by statute allowed to be recovered as costs in the case." *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 694 (1996) (emphasis added) (quoting *Costs*, *Black's Law Dictionary* 312 (5th ed. 1979)). In fact, Code § 40.1-29(J) explicitly provides for "reasonable attorney fees and costs" to successful claimants.[8] Thus, although the arbitrator separated attorney fees and costs into separate amounts, their combined total represents "costs" for purposes of this issue, and that amount cannot bear interest. *Scott*, 130 Va. at 526.

The justification for the award of interest on damages—whether prejudgment, post-judgment, or both—in a civil lawsuit, has been recognized since the earliest days of this Commonwealth: "[n]atural justice [requires] that he who has the use of another's money should pay interest for it." *Upper Occoquan*, 275 Va. at 63 (second alteration in original) (quoting *Jones v.*

---

[8] As further support, in 2004 the Attorney General opined that "such penalties do not appear to be part of the 'principal sum awarded.'" 2004 Op. Va. Att'y Gen. 26, 28. An Attorney General's opinion is "particularly" "entitled to due consideration" when the General Assembly has known of it for years and done nothing to change it. *Beck v. Shelton*, 267 Va. 482, 492 (2004). Here, the Attorney General's opinion has stood unchallenged for twenty years. "The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view." *Id.* (quoting *Browning-Ferris, Inc. v. Commonwealth*, 225 Va. 157, 161-62 (1983)). In fact, the General Assembly has amended Code § 8.01-382 twice since the Attorney General's 2004 opinion, but it did not address the relevant issue here either time. Thus, this Court concludes that the Attorney General's opinion is persuasive.

*Williams*, 6 Va. (2 Call) 102, 106 (1799)). "Costs," meanwhile, are "[a] pecuniary allowance, made to the successful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action[.]" *O'Loughlin*, 23 Va. App. at 694 (first alteration in original). Simply, the award of attorney fees and costs did not compensate Hashimi for the "actual harm sustained."

Mirroring the argument made regarding prejudgment interest, Hashimi argues that because the VWPA mandates awards of attorney fees and costs, rather than merely permitting them, they should be treated as part of the "principal sum awarded." In a successful VWPA action, "the court *shall* award the wages owed, an additional equal amount as liquidated damages, *plus* prejudgment interest thereon as provided in subsection G, and reasonable attorney fees and costs." Code § 40.1-29(J) (emphasis added). However, the circuit court here granted post-judgment interest under Code § 8.01-382, which allows for discretionary grants of interest only on the "principal sum awarded" in an action. Finding attorney fees and costs do not constitute the "principal sum awarded," this Court reverses the circuit court's grant of post-judgment interest on those amounts.

### III. Attorney Fees

"A lower court's interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo." *LaCava v. Commonwealth*, 283 Va. 465, 469-70 (2012). "Upon the motion of any party, the court must, or upon its own motion, the court may, in advance of trial, establish a procedure to adjudicate any claim for attorney fees." Rule 3:25(d). By its terms, Rule 3:25(d) allows—but does not require—courts to bifurcate a claim for attorney fees from the underlying claim before trial. A plain language reading of this rule indicates that there are two ways for the court to establish attorney fees procedure. First, if either party moves for such procedure, the court is required to establish a procedure to adjudicate attorney fees claims. *Id.* Even if no party makes a motion, the court may still, but need not,

bifurcate a claim for attorney fees from the substantive claim before trial.[9] *Id.* The rule has a straightforward rationale: "[i]t is often appropriate to delay the issue of awarding attorney[] fees until the disposition on the merits reveals which party has actually prevailed, and on which claims." *Lambert v. Sea Oats Condo. Ass'n*, 293 Va. 245, 260 (2017). "That is why Rule 3:25[(d)] *allows* a [circuit] court to establish a procedure before trial for deciding attorney[] fees in cases where they may be awarded." *Id.* (emphasis added).

On September 6, 2023, Hashimi moved to "establish a procedure to adjudicate any claim for attorney fees." He also requested permission to file a petition substantiating his claimed attorney fees 30 days after the circuit court confirmed the awards. In effect, Hashimi moved the circuit court to bifurcate the issue of attorney fees from the confirmation hearing. The circuit court did not rule on Hashimi's motion before the hearing, but in its order confirming the arbitrator's awards, the circuit court found that Hashimi was entitled to reasonable attorney fees. The court adopted a substantially similar position to that of Hashimi's motion, finding that Hashimi was entitled to "his reasonable attorney[] fees and costs incurred in seeking confirmation of [the arbitrator's] awards . . . . Thus, this Court shall retain jurisdiction over this action until [Hashimi's] application for reasonable attorney[] fees and costs is resolved." It also ordered Hashimi to file a petition justifying the fees and to schedule a hearing on the matter. Therefore, this Court finds no error in the circuit court retaining jurisdiction over the case after confirming the arbitrator's awards allowing it to determine reasonable attorney fees.

---

[9] Geneva cites *Lee v. Mulford*, 269 Va. 562, 567-68 (2005), for the proposition that "[a]bsent agreement of the parties with the concurrence of the court" before trial, a court cannot award attorney fees after trial. *Lee* is distinguishable. It predates Rule 3:25. And it involved a claim of attorney fees that had been submitted to and decided by a jury, and thus the issue could not be redetermined through post-trial proceedings. Here, Hashimi requested bifurcation before the court's resolution of the issues, and there was no jury verdict. *Lee*, therefore, is inapplicable to these facts.

CONCLUSION

For these reasons, this Court affirms the circuit court's confirmation of the arbitrator's award, its award of post-judgment interest on liquidated damages, and its award of attorney fees. This Court reverses the circuit court's grant of post-judgment interest on the part of the arbitrator's award representing prejudgment interest and attorney fees and costs.

*Affirmed in part and reversed in part.*